■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD DONALDSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Martin, J.), rendered April 11, 1983, convicting him of burglary in the first degree, burglary in. the second degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

The defendant's indictment and conviction arose out of the burglary of the complainant's apartment on November 21, 1981. We agree with the defendant's argument that the trial court committed reversible error by admitting evidence of the defendant's purported prior attempt to burglarize the complainant's apartment on November 13, 1981. "The general rule is that evidence of prior uncharged crimes may not be offered to show defendant's bad character or his propensity towards crime but may be admitted only if the acts help establish some element of the crime under consideration or are relevant because of some recognized exception to the general rule" *(People v Lewis,* 69 NY2d 321, 325). Thus, "evidence of uncharged crimes may be relevant * * * to show (1) intent, (2) motive, (3) knowledge, (4) common scheme or plan, or (5) identity of the defendant" *(People v Lewis, supra,* at 325; *People v Molineux,* 168 NY 264, 294).

In the case at bar, the uncharged crime was admitted to show the defendant's identity. However, the People failed to establish by clear and convincing evidence, as they were required to do in order to obtain the benefit of the exception to the general rule, that the defendant was the perpetrator of the uncharged crime, and that the method used in both crimes was sufficiently unique as to make it highly probable that both crimes were committed by the defendant *(People v Robinson,* 68 NY2d 541; *People v Beam,* 57 NY2d 241; *People v Condon,* 26 NY2d 139, 142). The trial court compounded this error when it failed to give limiting instructions with regard to the use of the evidence of the uncharged crime.

Further, the trial court failed to specifically charge the jury that the People had the burden of disproving the defendant's alibi beyond a reasonable doubt and that the defendant had no burden of proving his alibi *(People v Victor,* 62 NY2d 374, 377-378; *People v Hooks,* 110 AD2d 909, 911).

In view of our determination, we need not address the defendant's argument with respect to the alleged excessiveness of the sentence imposed. However, we note that the trial court improperly imposed consecutive sentences in the instant case *(see,* Penal Law § 70.25 [2]; *People v Catone,* 65 NY2d 1003; *People v Derhi,* 110 AD2d 709).

The defendant's remaining argument is unpreserved for appellate review and is, in any event, without merit. Mangano, J. P., Bracken, Lawrence and Spatt, JJ., concur.