■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR W. DORATO, JR., Appellant. [738 NYS2d 400] —Crew III, J. Appeal from an order of the County Court of Columbia County (Leaman, J.), rendered April 10, 2000, which classified defendant as a risk level II sex offender pursuant to the Sex Offender Registration Act.

In this appeal from County Court's sex offender risk level classification, defendant contends that the court erred in increasing his classification from the risk level I recommended by the Board of Examiners of Sex Offenders to risk level II. "The court, however, is not bound by the recommendation of the Board and, in the exercise of its discretion, may depart from that recommendation and determine the sex offender's

risk level based upon the facts and circumstances that appear in the record" (*Matter of New York State Bd. of Examiners of Sex Offenders v Ransom*, 249 AD2d 891, 891-892; *accord, Matter of Vandover v Czajka*, 276 AD2d 945, 946; *see,* Correction Law § 168-n [3]). The Board's recommendation in this case was based upon defendant's score on a risk assessment instrument in which no points were assessed for the category entitled "Duration of offense conduct with victim" and subtitled "Continuing course of sexual misconduct."

The case summary refers to three separate incidents involving the young victim over a period of more than one week. The administrative decision to accord this conduct a score of zero points apparently was based upon the conclusion in the case summary that only one of the incidents involved actual sexual contact.* Each of the incidents, however, clearly involved unacceptable conduct of a deviant sexual nature in the presence of the victim. Accordingly, there is no basis upon which to disturb County Court's conclusion that defendant should have been assessed additional points for his continuing sexual misconduct with the victim, thereby raising his classification to risk level II. Contrary to defendant's claim, the facts contained in the case summary, which were not in dispute and upon which the court relied, provided the required evidentiary support for the classification (*see, People v Scott*, 288 AD2d 763, 765).

Cardona, P.J., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.

---

* Defendant's statement to the police, however, indicates that two of the incidents involved sexual contact.