■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD BROWN, Appellant. [776 NYS2d 366]—

Mugglin, J. Appeal from an order of the County Court of Warren County (Austin, J.), rendered September 30, 2002, which classified defendant as a risk level III sex offender under the Sex Offender Registration Act.

Defendant was convicted in Colorado of the crime of aggravated incest as a result of sexual contact he had with his biological daughter when she was a minor. He was sentenced in 1999 to four years in prison. Shortly after his release, he relocated to Warren County, where he was required to register as a sex offender under the Sex Offender Registration Act (*see* Correction Law art 6-C [hereinafter SORA]). Based upon the risk assessment instrument utilized by the Board of Examiners of Sex Offenders, defendant scored a 135, leading the Board to conclude that he was a violent sex offender and to recommend that he be classified at risk level III. At a hearing on the matter before County Court, no testimony was taken. The only evidence adduced was the risk assessment instrument, case summary, documentation related to the Colorado offense and letters from defendant's family. Based upon the documentary evidence submitted, County Court classified defendant as a risk level III sex offender as recommended by the Board. Defendant now appeals.

Initially, we note that in establishing the appropriate risk level classification under SORA, the prosecution bears "the burden of proving the facts supporting the determinations sought by clear and convincing evidence" (Correction Law § 168-n [3]; *see People v Wroten*, 286 AD2d 189, 199 [2001], *lv denied* 97 NY2d 610 [2002]). SORA further provides that "[i]n making the determinations the court shall review any victim's statement and any relevant materials and evidence submitted by [the parties] and the recommendation and any materials submitted by the board, and may consider reliable hearsay evidence submitted by either party, provided that it is relevant to the determinations" (Correction Law § 168-n [3]). Defendant contends that the documentary evidence submitted did not constitute reliable hearsay within the meaning of SORA and, therefore, did not provide clear and convincing proof supporting County Court's sex offender classification. Based on our review of such evidence, we agree.

Although case summaries alone have been held to provide the necessary clear and convincing evidence supporting sex offender classifications under SORA (*see e.g. People v Dorato*, 291 AD2d

580, 581 [2002]; *People v Scott*, 288 AD2d 763, 764 [2001]), a review of the case summary in the instant case discloses that the facts contained therein are based almost entirely on information derived from a report prepared by Colorado authorities, which the prosecution refers to as a probation report, but which is neither denominated as such nor signed by a probation officer. Such report contains specific details of events leading up to defendant's Colorado conviction, including sexual activities he allegedly engaged in with his biological daughter and other children. This information is repeated almost verbatim in the case summary and it does not appear that any effort was made to independently verify its reliability as no presentence investigation report was evidently prepared after defendant relocated to Warren County. Moreover, defendant did not consent to the accuracy of such information, but objected to the case summary and supporting documentation as unreliable hearsay at the hearing. Under these circumstances, we conclude that clear and convincing evidence does not support the sex offender classification made by County Court. In light of our disposition, we need not address defendant's remaining claim.

Peters, J.P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, without costs, and matter remitted to the County Court of Warren County for reclassification of defendant under the Sex Offender Registration Act.