■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSEPH G. HOPPE, Respondent. [784 NYS2d 220]—

Lahtinen, J. Appeal from an order of the County Court of Broome County (Smith, J.), entered March 29, 2004, which classified defendant as a risk level II sex offender pursuant to the Sex Offender Registration Act.

In preparation for his release on parole, defendant was evaluated and classified as a risk level II sex offender pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C). The Board of Examiners of Sex Offenders recommended to County Court, however, that an upward departure to risk level III was warranted due to the fact that, among other things, defendant is a violent sex offender and evidence existed that, as a teenager, he acted out in a sexual manner towards his sister and he physically assaulted family members. After a hearing, County Court followed the Board's recommendation. On appeal, however, this Court reversed on the grounds that there was an absence of proof as to why the court departed from the presumptive category, the court failed to set forth the facts and circumstances it considered in adopting the Board's recommendation and defendant was denied the assistance of counsel. Upon remittal, a new hearing was held and County Court, finding that the People presented insufficient evidence to depart from the presumptive risk level category indicated by the risk assessment instrument, classified defendant as a risk level II sex offender. The People now appeal.

We disagree with the People's contention that County Court failed to apply the evidentiary rules to the documents presented at the hearing by failing to properly consider the presentence report and the reports of the psychiatric social worker, psychiatrist and probation officer. Although the reports indicated that defendant was abusive and/or violent towards family members, as County Court noted, much of the information from these reports constituted unreliable hearsay. Furthermore, an affidavit admitted into evidence by defendant refuted information in the reports that he abused his sister or was violent towards other family members, primary claims forming the basis for the Board's risk level III recommendation. Moreover, contrary to the People's contention, there was no admission by defendant during his allocution that he intended to rape the victim. The prosecution had the burden of proving by clear and convincing evidence the basis for the requested assessment (*see* Correction Law § 168-d [3]; *People v MacNeil*, 283 AD2d 835, 836 [2001];

*People v Neish*, 281 AD2d 817, 817 [2001]) and County Court should only depart from the recommended risk level when the facts and circumstances provide a substantial basis for such departure (*see People v Dorato*, 291 AD2d 580, 580-581 [2002]; *Matter of Vandover v Czajka*, 276 AD2d 945, 946 [2000]). Upon this record, we find that the People have failed to meet their burden of establishing that an upward departure is warranted and, as such, we will not disturb defendant's risk level classification.

Mercure, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, without costs.