■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID AROTIN, Appellant. [796 NYS2d 743]—

Lahtinen, J. Appeal from an order of the County Court of Saratoga County (Scarano, Jr., J.), entered October 4, 2004, which classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act.

Defendant was indicted in Ohio for two counts of the crime of gross sexual imposition based upon allegations he had sexual contact with two young boys, ages 5 and 7. He pleaded guilty to one count of attempted gross sexual imposition and was sentenced to 16 months in jail and five years of parole. The sentencing court further determined that defendant was a "sexually oriented offender," a classification which, under Ohio

law, "attaches by operation of law and . . . a hearing is not required" (*State v Grider*, 144 Ohio App 3d 323, 327, 760 NE2d 40, 43 [2001]; *see State v Hayden*, 96 Ohio St 3d 211, 215, 773 NE2d 502, 506 [2002], *cert denied* 537 US 1197 [2003]). That classification required him to register his address with Ohio authorities annually for 10 years (*see generally* Ohio Revised Code Ann ch 2950). While incarcerated in Ohio, an in-depth sex offender assessment was conducted to address potential recidivism and recommend programs for defendant. The assessment found that defendant scored low on tests that measure the risk of sexual recidivism, but noted that defendant's risk might be higher than indicated in the tests because of, inter alia, his denial of the acts underlying his conviction.

Following his release from jail, defendant applied to have his parole supervision moved to New York where he planned on relocating to live with a relative. The New York State Board of Examiners of Sex Offenders determined that defendant was required to register with the New York State Sex Offender Registry due to his conviction in Ohio. The Board's risk assessment instrument set forth a score of 120 for defendant, which falls within the parameters for a level III classification under the guidelines. Defendant appeared at the hearing and contested this classification contending that he should be a level I as he was in Ohio. County Court determined that defendant was a risk level III sex offender. Defendant appeals.

The first argument advanced by defendant is that his Ohio sex offender classification was analogous to a level I in New York and that, under the Full Faith and Credit Clause (*see* US Const, art IV, § 1), New York could not assess a higher level. We cannot agree. In light of the alarming recidivism by convicted sex offenders (*see McKune v Lile*, 536 US 24, 32-33 [2002]), each state has enacted statutes "designed to protect its communities from sex offenders," and these statutes include a registration component (*Connecticut Dept. of Public Safety v Doe*, 538 US 1, 4 [2003]). The registration and concomitant notification processes are regulatory in nature (*see Smith v Doe*, 538 US 84, 101-102 [2003]; *see also People v Stevens*, 91 NY2d 270, 274-275 [1998] ["The stated purpose of New York's 'Sex Offender Registration Act' is 'predominately regulatory' "] [citation omitted]; *People v Dort*, 18 AD3d 23, 25 [2005] [observing that the Sex Offender Registration Act "serves both an administrative and ministerial purpose"]). The administrative manner in which a state chooses to exercise the registration requirements for a sex offender who moves into its jurisdiction falls squarely within the power of that state and is not governed by the procedures in

effect in the state where the offender previously resided. "The purpose of the Full Faith and Credit Clause is to avoid conflicts between States in adjudicating the same matters . . ." (*Matter of Luna v Dobson*, 97 NY2d 178, 182 [2001] [citations omitted]; *see generally Baker v General Motors Corp.*, 522 US 222, 231-232 [1998]). That purpose is not violated by requiring a convicted sex offender moving into New York to be governed by this state's registration requirements.

Next, defendant contends that the evidence was insufficient to support a risk level III classification. The state has the burden of establishing by clear and convincing evidence the risk level assessment (*see People v Dort, supra* at 24; *People v Brown*, 7 AD3d 831, 832 [2004]; *see also E.B. v Verniero*, 119 F3d 1077, 1111 [1997]; *Doe v Pataki*, 3 F Supp 2d 456, 471 [1998]). Case summaries often satisfy this burden (*see People v Dorato*, 291 AD2d 580, 581 [2002]; *see also People v Burgess*, 6 AD3d 686, 686 [2004], *lv denied* 3 NY3d 604 [2004]), reliable hearsay can be used (*see* Correction Law § 168-k [2]; § 168-n [3]), and facts proven at trial or at a plea are "deemed established by clear and convincing evidence" (Correction Law § 168-n [3]). As a practical matter, adequate evidence to establish level I is present when a defendant is convicted of a crime referenced in Correction Law § 168-a. Certain factors can raise the classification to level II or III. Using guidelines that set forth a variety of these factors, many of which are readily and objectively discernible, the Board is charged with making a recommendation to the sentencing court of the sex offender's risk level (*see* Correction Law § 168-l [5], [6]). The court is not bound by the Board's recommendation and retains discretion in determining an appropriate level (*see Matter of Vandover v Czajka*, 276 AD2d 945, 946 [2000]), so long as that level is supported by adequate evidence (*compare People v Hill*, 17 AD3d 715, 716 [2005], *and People v Brown, supra* at 832-833, *with People v Dorato, supra* at 581). When a party urges the court to depart from a Board recommendation that is supported by adequate evidence, that party bears the burden of establishing special circumstances justifying such a departure from the presumptive level (*see People v Douglas*, 18 AD3d 967, 968 [2005]; *People v Valentine*, 15 AD3d 463, 463-464 [2005]; *People v Bottisti*, 285 AD2d 841, 841-842 [2001]).

Here, County Court followed the recommendation of the Board. Review of the record, however, reveals merit to defendant's argument that not all the grounds used to raise the score to a level III were supported by clear and convincing evidence. The Board added 25 points based upon a finding that defen-

dant's acts included deviate sexual intercourse. Noticeably absent from the record is the colloquy from defendant's guilty plea. In the reports contained in the record, defendant consistently asserted his innocence and indicated that he took a plea only because he was exposed to lengthy jail time. The crime with which he was indicted did not include an element of deviate sexual intercourse (that element would have supported a more serious charge), and the Board's guidelines indicate that such an absence in an indictment is "strong evidence" that the conduct did not occur. The evidence that defendant performed oral sex on one of the victims comes from a presentence report that extracted the information from a Cleveland, Ohio police department report which relied upon statements from a social worker who elicited the information during a "re-interview."

When considered in light of the absence of an indictment for such an act, defendant's claim of innocence and the failure to include the plea colloquy, such hearsay evidence does not rise to the level of clear and convincing evidence (*see People v Brown, supra* at 832-833). Moreover, while we are unpersuaded by defendant's assertion that the evidence is deficient as to the finding of a continuing course of sexual misconduct, there is merit to his assertion that this record does not sufficiently establish that he had a history of substance abuse. Indeed, the detailed sex offender assessment prepared in Ohio by a psychologist who dealt directly with defendant in prison found no pattern of substance abuse. Since clear and convincing evidence does not support two of the factors used in assessing a risk level III classification and the absence of either of those factors reduces the total score enough to presumptively place defendant in a lower classification, County Court's order must be reversed.

Cardona, P.J., Mercure, Carpinello and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the County Court of Saratoga County for reclassification of defendant under the Sex Offender Registration Act.