■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIAS GONZALEZ, Appellant. [814 NYS2d 834]—

Appeal from an order of the Genesee County Court (Eric R. Adams, J.), entered January 28, 2005. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by determining that defendant is a level two risk pursuant to the Sex Offender Registration Act and as modified the order is affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). The Board of Examiners of Sex Offenders (Board) presumptively classified defendant as a level three risk based upon his risk factor score of 130 on the risk assessment instrument (RAI). Following a hearing, County Court found that the evidence supported defendant's classification as a level three risk and concluded

that there was no basis for departing from that presumptive risk level. Upon our review of the record, however, we agree with defendant that the points assessed by the Board in two categories of the RAI are not supported by clear and convincing evidence (*see People v Arotin*, 19 AD3d 845, 847-848 [2005]). First, defendant entered an *Alford* plea to the charge of sexual abuse in the first degree (Penal Law § 130.65 [1]) and thus did not admit during the plea allocution that he was armed with a dangerous instrument during the commission of the crime. Neither the equivocal statements of the victim in her deposition testimony nor the unreliable hearsay statements in the presentence report constitute clear and convincing evidence to support the 30 points assessed by the Board on the ground that defendant was armed with a dangerous instrument when he committed the offense (*see People v Hoppe*, 12 AD3d 792, 793 [2004]). Rather, the record supports an assessment of 10 points for the use of forcible compulsion under the "use of violence" category in the RAI. Second, the entry of an *Alford* plea, without more, does not warrant the Board's assessment of 10 points for the purported failure of defendant to accept responsibility for his conduct, particularly in view of the evidence to the contrary presented by defendant at the hearing (*see Matter of Vandover v Czajka*, 276 AD2d 945, 947 [2000]). Reducing the total risk factor score by 30 points results in a presumptive risk level classification of level two (*see Arotin*, 19 AD3d at 848), and there are no special circumstances on the record before us to warrant a departure from that presumptive risk level (*see Hoppe*, 12 AD3d at 793-794). We therefore modify the order by determining that defendant is a level two risk. Present—Hurlbutt, J.P., Gorski, Green, Pine and Hayes, JJ.