■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN J. BUCKLEY, Appellant. [826 NYS2d 491]—

Mugglin, J. Appeal from an order of the County Court of Schenectady County (Hoye, J.), entered March 24, 2005, which classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act.

On February 4, 2003, defendant pleaded guilty to the crime of rape in the third degree in full satisfaction of a three-count indictment and was sentenced to 1 to 3 years in prison. Upon defendant's conditional release, County Court conducted a hearing and thereafter classified him as a risk level III sex offender pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C). He now appeals, asserting that his prior conviction for a sexual offense, having been considered as an override factor resulting in a presumptive risk assessment of level III, should not also be calculated into the risk assessment instrument as factor nine designated "Number and Nature of Prior Crimes" (*see* Sex Offender Registration Act: Assessment Guidelines and Commentary, at 3-4, 14 [Nov. 1997]).

We disagree. County Court's determination is supported by clear and convincing evidence (*see* Correction Law § 168-n [3]) of the factors which caused defendant to score 110 points on the

risk assessment form. Those factors include his prior class D violent felony sex offense for which 30 points was assigned. The score of 110 points presumptively makes defendant a level III sex offender. We reject defendant's argument that these 30 points cannot be used because the court also considered his prior conviction to be an override factor. As defendant's score was already in the level III category, the override factors are only relevant if other factors warranting a downward departure are employed. Here, none were so used. Defendant's argument that County Court failed to consider factors which would warrant a downward departure from the presumptive risk level is belied by the record. Accordingly, we conclude that defendant's classification as a risk level III sex offender was proper (*see People v Dickison*, 24 AD3d 980, 981 [2005], *lv denied* 6 NY3d 709 [2006]).

Cardona, P.J., Peters, Spain and Kane, JJ., concur. Ordered that the order is affirmed, without costs.