■ The People of the State of New York, Respondent, v Jamie R. Dominie, Appellant. [838 NYS2d 730]—

Lahtinen, J. Appeal from an order of the County Court of St. Lawrence County (Richards, J.), entered January 30, 2007, which classified defendant as a risk level II sex offender pursuant to the Sex Offender Registration Act.

Defendant, who was 23 years old and severely handicapped audiologically and visually, met the 16-year-old victim through Internet chat rooms, where they discussed sex. She visited his home when his mother was present, they went to his room to watch a movie and engaged in sexual intercourse, which she later claimed had occurred against her will. Defendant was indicted for rape in the first degree and two counts of rape in the third degree as a result of the incident. The rape in the first degree count was dismissed on motion of the prosecutor after he acknowledged to County Court that he would be unable to prove forcible compulsion at trial. Defendant was allowed to plead to one count of rape in the third degree (*see* Penal Law § 130.25 [2]) in exchange for a 10-year sentence of probation and a concurrent 30-day jail sentence. He was given a risk assessment score of 80 and designated a risk level II sex offender in accordance with the Sex Offender Registration Act (*see* Correction Law art 6-C). Defendant appeals arguing that County Court improperly assessed 10 points under the risk assessment category of "used forcible compulsion," five points for the "release environment" category and 20 points under the relationship to the victim category.

The People have the burden of establishing the risk level assessment by clear and convincing evidence (*see People v Torchia*, 39 AD3d 1137, 1137 [2007]; *People v Peters*, 27 AD3d 784, 784 [2006]; *People v Arotin*, 19 AD3d 845, 847 [2005]). The clear and convincing standard requires evidence which makes it "highly probable" that the alleged activity actually occurred (*Krol v Eckman*, 256 AD2d 945, 947 [1998]; *see Young v Knickerbocker Arena*, 281 AD2d 761, 764 [2001]; *People v Donaldson*, 138 AD2d 730, 730 [1988]). This standard can be satisfied in a sex offender classification case by reliable hearsay (*see* Correction Law § 168-n [3]), including, among other things, grand jury testimony, a victim's sworn statement to police, a transcript of statements by a defendant during a plea or at sentencing, and presentencing reports (*see People v Kaminski*, 38 AD3d 1127, 1128 [2007]; *People v Brown*, 25 AD3d 924, 924-

925 [2006]). Where, however, the hearsay statements of a person are equivocal or inconsistent, and not substantiated by other proof, they do not rise to the level of clear and convincing evidence (*see People v Gonzalez*, 28 AD3d 1073, 1074 [2006]; *cf. George Backer Mgt. Corp. v Acme Quilting Co.*, 46 NY2d 211, 220 [1978]).

Here, the victim set forth markedly differing accounts of the incident in her grand jury testimony, her impact statement and her statements to the police. Defendant consistently denied that force was used. The prosecutor acknowledged in open court on the record that he could not prove forcible compulsion at trial. The combination of these circumstances constrains us to conclude that this record fails to establish forcible compulsion by clear and convincing evidence. Since the reduction of defendant's risk assessment score by 10 points would presumptively place defendant in a risk level I classification, County Court's order must be reversed, and it is not necessary to reach defendant's remaining arguments.

Mercure, Peters and Rose, JJ., concur.

Cardona, P.J. (dissenting). I respectfully dissent.

Initially, I find no abuse of discretion in County Court's assessment of points for forcible compulsion based upon the victim's grand jury testimony. In assessing a sex offender's risk level, a trial court is not limited to the charge to which the defendant pleads guilty but it can also consider the circumstances of the underlying crime (*see People v Lovelace*, 39 AD3d 728 [2007]; *People v Lesch*, 38 AD3d 1129, 1129-1130 [2007], *lv denied* 8 NY3d 816 [2007]) and, as the majority sets forth, is permitted to review reliable hearsay evidence (*see* Correction Law § 168-n [3]), which includes grand jury testimony (*see People v Kaminski*, 38 AD3d 1127, 1128 [2007]). The victim's sworn grand jury testimony supports the assignment of points to the category of forcible compulsion and, in my view, the reliability of that testimony is not undermined by any inconsistencies or additional allegations in either her statement to the police or her victim impact statement. Notably, any statement by the victim describing the incident included the use of force.

Additionally, the prosecutor's acknowledgment that he could not prove forcible compulsion at trial is not dispositive inasmuch as the standard of proof in a criminal trial—beyond a reasonable doubt—is more exacting than the clear and convincing standard needed to support a risk level assessment (*see People v Lesch, supra* at 1129-1130). Moreover, the record establishes that the prosecutor's motion to dismiss the first count of the indictment—rape in the first degree, a class B violent felony—

was necessary in order to effectuate a plea to the third count of the indictment—rape in the third degree, a class E nonviolent felony (*see* CPL 220.10 [5] [d] [ii]).

Under these circumstances, and finding no merit to defendant's remaining challenges to the risk assessment classification, I would affirm County Court's order designating defendant a risk level II sex offender.

Ordered that the order is reversed, on the law, without costs, and matter remitted to the County Court of St. Lawrence County for further proceedings not inconsistent with this Court's decision.