THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL S. HAZEN, Appellant. [850 NYS2d 267]—

Malone, J. Appeal from an order of the County Court of Delaware County (Becker, J.), entered November 29, 2006, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.

Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with sodomy in the first degree and endangering the welfare of a child following an incident in which he had anal intercourse with a six-year-old boy. Defendant maintained that he could not recall the incident due to his heavy intoxication and entered an *Alford* plea to the charge of sexual abuse in the first degree in satisfaction of the superior court information. He was sentenced to 2 to 4 years in prison. Prior to his release, the Board of Examiners of Sex Offenders submitted a risk level assessment instrument to County Court pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C) with a score of 110 points, presumptively classifying defendant as risk level three sex offender, with no departure recommended. Following a hearing, County Court adopted the Board's recommendation and this appeal ensued.

Defendant contends that the risk level three classification is not supported by clear and convincing evidence, particularly with respect to those risk factors pertaining to the infliction of physical injury (15 points), the commission of deviate sexual intercourse (25 points) and the failure to accept responsibility for the crime (10 points). Based upon our review of the record, we disagree. While the People have the burden of establishing the risk level assessment by clear and convincing evidence (*see People v Dominie*, 42 AD3d 589, 590 [2007]; *People v Arotin*, 19 AD3d 845, 847 [2005]), this standard may be satisfied by reliable hearsay consisting of, among other things, the risk level assessment instrument, the case summary and the presentence investigation report (*see People v LaRock*, 45 AD3d 1121, 1122 [2007]; *People v Lesch*, 38 AD3d 1129, 1130 [2007], *lv denied* 8 NY3d 816 [2007]; *see generally* Correction Law § 168-n [3]). Notably, the risk assessment instrument need not be based solely on the crime of conviction, provided that reliable sources are used (*see People v Lesch*, 38 AD3d at 1130; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 5 [2006]).

In the case at hand, notwithstanding the fact that defendant's conviction was for sexual abuse in the first degree, the case summary, police investigative report and presentence investigation report contain information from reliable sources substantiating the fact that he had anal intercourse with the victim which caused physical injuries requiring the victim to obtain medical treatment. Accordingly, the 15 points attributable to the infliction of physical injury and the 25 points attributable to the commission of deviate sexual intercourse are supported by clear and convincing evidence. As for the failure to accept responsibility for the crime, defendant entered an *Alford* plea, which was not an admission of guilt, and thereafter made five separate CPL article 440 motions to vacate the judgment of conviction upon various grounds, including the purported invalidity of the guilty plea. In view of this, as well as defendant's failure to demonstrate remorse during any of the proceedings before County Court, we find that the 10 points attributable to defendant's failure to take responsibility for the crime is also supported by clear and convincing evidence (*see People v Matthie*, 34 AD3d 987, 990 [2006], *lvs denied* 8 NY3d 805, 847 [2007]; *People v Walker*, 15 AD3d 692, 692-693 [2005]; *compare People v Gonzalez*, 28 AD3d 1073, 1074 [2006]). Therefore, we find no reason to disturb the risk level three classification.

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, without costs.