THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY LONGTIN, Appellant. [864 NYS2d 203]—

Kavanagh, J. Appeal from an order of the County Court of Rensselaer County (McGrath, J.), entered September 25, 2007, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.

Defendant pleaded guilty to three counts of rape in the third degree in December 2001, stemming from an ongoing sexual relationship with a neighbor that began when he was 25 years old and she was 15 years old, for which he received a cumulative sentence of $3^1/_2$ to $10^1/_2$ years in prison. In anticipation of defendant's release, the Board of Examiners of Sex Offenders

prepared a risk assessment instrument pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C), classifying him as a risk level three violent sex offender. At the ensuing proceeding, County Court adopted the Board's recommendation and classified defendant as a risk level three sex offender, prompting this appeal.

Defendant asserts that clear and convincing evidence did not support the assessment of 15 points for drug or alcohol abuse, without which defendant would have been presumptively classified as a risk level two offender. We disagree. The state may satisfy the standard in a sex offender classification case by relying on statements by a defendant contained in presentence reports, as well as reliable hearsay statements made by the victim (*see People v Richards*, 50 AD3d 1329, 1330 [2008], *lv denied* 10 NY3d 715 [2008]; *People v Hazen*, 47 AD3d 1091, 1092 [2008]; *People v Dominie*, 42 AD3d 589, 590-591 [2007]). Furthermore, the court may properly consider both a defendant's admitted history of drug and alcohol abuse, as well as the circumstances at the time of the offense (*see People v Arnold*, 35 AD3d 827, 827 [2006], *lv denied* 9 NY3d 813 [2007]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 15 [2006]; *see also* Mental Hygiene Law § 1.03).

Here, County Court relied on defendant's statement contained in the presentence investigation report that he drank "2-3 beers a day and smoked marijuana and associated drugs, hash, red hair, and creeper." The court also considered the victim's statement that defendant consumed alcohol prior to at least two of the incidents which gave rise to the instant offenses, which was corroborated by defendant himself. We find that these statements constituted clear and convincing evidence to support an assessment for drug and alcohol abuse to defendant. To the extent that defendant testified at the risk assessment evaluation that he made the statements to probation solely in an effort to get a lesser sentence, we defer to County Court's credibility determination (*see People v Scott*, 29 AD3d 1025, 1027 [2006]).

Peters, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.