■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR L. ARROYO, Appellant. [864 NYS2d 213]—

Stein, J. Appeal from an order of the County Court of Broome County (Smith, J.), entered November 2, 2007, which classified defendant as a risk level three sex offender and a sexually violent offender pursuant to the Sex Offender Registration Act.

Defendant pleaded guilty in 2003 to sexual abuse in the first degree after being charged with various crimes in relation to the rape of a 15-year-old girl. In June 2007, the Board of Examiners of Sex Offenders presumptively classified defendant as a risk level three sex offender (145 points) in accordance with the Sex Offender Registration Act (see Correction Law art 6-C). Following a hearing, County Court concurred with that classification. Defendant now appeals, claiming that he was improperly assessed points in two categories on the risk assessment instrument and also that a downward departure was warranted.

It is the People's burden to establish the proper risk level classification by clear and convincing evidence and, in arriving at its risk level determination, County Court can consider reliable hearsay evidence (see People v Hazen, 47 AD3d 1091, 1092 [2008]; People v LaRock, 45 AD3d 1121, 1122 [2007]), which includes the presentence investigation report, the case summary and a victim's sworn statement to the police (see People v Hazen, 47 AD3d at 1092; People v Kaminski, 38 AD3d 1127, 1128 [2007], lv denied 9 NY3d 803 [2007]; People v Dominie, 42 AD3d 589, 590 [2007]). With respect to risk factor 9, defendant received 30 points in this category because of his convictions of two counts of endangering the welfare of a child in 2000. Defendant claims that he was never charged with those crimes nor pleaded guilty to them and, therefore, there should have been no assessment for this category. The record indicates that defendant was charged, in separate informations, with two counts of endangering the welfare of a child based on sworn statements by the two victims. In addition, the certificate of disposition and the commitment for imprisonment document, as well as the case summary and the presentence investigation report, indicate that defendant was, in fact, convicted of endangering the welfare of a child, providing the requisite clear and convincing evidence to support the 30-point assessment in this category.

Defendant also challenges his assessment of 15 points under risk factor 12. Even if a reduction of defendant's score by the 15 points assessed for this risk factor was warranted, the resulting total of 130 points still places defendant within the risk level three classification. Thus, the order should be affirmed unless mitigating circumstances exist that would warrant a further reduction. Since clear and convincing evidence does not exist to support a downward departure in defendant's risk level classification (*see People v Johnson*, 46 AD3d 1032, 1033 [2007]; *People v Pride*, 37 AD3d 957, 958 [2007], *lv denied* 8 NY3d 812 [2007]), we will not disturb County Court's determination.

Mercure, J.P., Peters, Spain and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs.