THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT WARRIOR, Appellant. [870 NYS2d 199]—

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*). At the SORA hearing, the People sought that determination based upon defendant's score of 115 on the risk assessment instrument. Upon our review of the record, we agree with defendant that the assessment of 20 points in the category "[n]umber of victims" is not supported by clear and convincing evidence. Neither the People's *Molineux* notice alleging the existence of a second victim nor the oral assertions at the SORA hearing of the Assistant District Attorney who prepared that notice constitutes clear and convincing evidence, i.e., "evidence which makes it 'highly probable' that the alleged activity actually occurred" (*People v Dominie*, 42 AD3d 589, 590 [2007]; *see generally People v Gonzalez*, 28 AD3d 1073, 1074 [2006]). In light of defendant's denial of the allegations concerning the second victim and the absence of any proof substantiating *Molineux* notice or the Assistant District Attorney's oral assertions, we conclude that the hearsay evidence presented by the People "does not rise to the level of clear and convincing evidence" (*People v Arotin*, 19 AD3d 845, 848 [2005]; *see Dominie*, 42 AD3d at 591; *People v Brown*, 7 AD3d 831, 832-833 [2004]). Reducing the total risk factor score by 20 points results in a presumptive risk level classification of level two, and on the record before us there are no special circumstances to warrant a departure from that presumptive risk level (*see Gonzalez*, 28 AD3d at 1074). We therefore modify the order accordingly. Present—Centra, J.P., Peradotto, Green and Pine, JJ.