■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY F. BATEMAN, Appellant. [872 NYS2d 748]—

Malone Jr., J. Appeal from an order of the County Court of Broome County (Smith, J.), entered November 27, 2007, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.

Defendant was convicted in 1981 of rape in the first degree, sodomy in the first degree, sexual abuse in the first degree and robbery in the first degree. In anticipation of a sex offender registration assessment hearing in November 2007, the Board of Examiners of Sex Offenders prepared a risk assessment instrument assigning defendant a risk assessment score of 145, thereby presumptively classifying him as a risk level three sex offender. Following the hearing, County Court reduced defendant's score to 125 points and, finding nothing to support a downward modification, classified defendant as a risk level three sex offender. Defendant now appeals.

Defendant takes issue with the risk level three classification claiming that he was improperly assessed points in several categories. Initially, we note that the People bear the burden of demonstrating the proper risk level classification by clear and convincing evidence (*see People v Arroyo*, 54 AD3d 1141, 1141 [2008], *lv denied* 11 NY3d 711 [2008]). This burden may be satisfied by the introduction of reliable hearsay evidence, including the presentence investigation report and statements made by the victim(*see People v Longtin*, 54 AD3d 1110, 1111 [2008], *lv denied* 11 NY3d 714 [2008]; *People v Warren*, 42 AD3d 593, 594 [2007], *lv denied* 9 NY3d 810 [2007]; *People v Arotin*, 19 AD3d 845, 847 [2005]).

Here, a point assessment for defendant's prior larceny conviction was adequately supported by the presentence investigation report and defendant's own admission during the hearing that he had been convicted of grand larceny in 1979. To the extent that defendant now contends that he did not use a weapon during the commission of the 1981 rape and robbery, such is belied by the victim's statement, contained in the presentence investigation report, that defendant struck her several times in the head with a rock while perpetrating the crimes. With regard to substance abuse, we find that County Court's assessment of points was proper, inasmuch as defendant admitted that he had

used both alcohol and marihuana prior to the crime giving rise to this proceeding (*see People v Longtin*, 54 AD3d at 1111; *see also* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 15 [2006]). We also find ample evidence of defendant's unsatisfactory conduct during supervision, given his admission during the hearing and the testimony of his parole officer, who related numerous parole violations including an incident during which defendant absconded, giving rise to an interstate, multiple jurisdictional manhunt. Finally, considering defendant's admissions that the victim was a stranger, the court properly assessed defendant points for his relationship with the victim. In sum, we find that the record contains clear and convincing evidence supporting the risk level three classification.

We have examined defendant's contention that his classification should have been modified downward and find that defendant has failed to demonstrate circumstances justifying such a departure (*see People v Coleman*, 45 AD3d 1118, 1118-1119 [2007], *lv denied* 10 NY3d 705 [2008]; *People v Arotin*, 19 AD3d at 847).

Cardona, P.J., Mercure, Lahtinen and Stein, JJ., concur. Ordered that the order is affirmed, without costs.