■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AMIR BRADSHAW, Appellant. [875 NYS2d 261]—

Appeal by the defendant from an order of the County Court, Westchester County (Bellantoni, J.), dated October 23, 2007, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the defendant's contention, he was properly assessed 25 points under risk factor 2 for sexual contact with the victim, but for reasons different from those relied upon by the County Court. The record is sufficient for this Court to make its own findings of fact and conclusions of law (*see People v Ashby*, 56 AD3d 633 [2008]; *People v Liguori*, 48 AD3d 773 [2008]). In assessing the defendant points for risk factor 2, the court relied upon the prosecutor's representation that the defendant was the man depicted engaging in sexual activity with the victim in a video recording because the man in the video had a unique tattoo on his arm, which matched a tattoo on the defendant's arm. The People now acknowledge that this representation was erroneous. Nevertheless, the People established that the defendant was the individual recorded engaging in sexual activity with the victim by clear and convincing evidence consisting of the victim's sworn statement to the police and a police report indicating, inter alia, that the defendant had described the victim as his girlfriend.

Furthermore, the defendant failed to show by clear and convincing evidence that there existed mitigating circumstances of a kind or to a degree not otherwise taken into account by the Sex Offender Registration Act guidelines, which warranted a

downward departure from his presumptive risk level designation. Accordingly, the court providently exercised its discretion in designating him a level two sex offender (*see People v Bowens*, 55 AD3d 809 [2008], *lv denied* 12 NY3d 702 [2009]; *People v Gochnour*, 50 AD3d 754 [2008]; *People v Foy*, 49 AD3d 835 [2008]; *People v Taylor*, 48 AD3d 775 [2008]).

The defendant's remaining contention is unpreserved for appellate review. Prudenti, P.J., Skelos, Dillon and Eng, JJ., concur.