■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE STERLING, Appellant. [894 NYS2d 900]—Appeal by the defendant from an order of the Supreme Court, Nassau County (Kase, J.), dated January 19, 2007, which, after a hearing, designated him a sexually violent offender and a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is modified, on the law, by deleting the provision thereof that the appellant was to "be designated a sexually violent offender and"; as so modified, the order is affirmed, without costs or disbursements.

Although the hearing court failed to make written findings of fact and conclusions of law as required by Correction Law § 168-n (3), this Court may make its own findings of fact and conclusions of law where, as here, the record is sufficient to do so (see People v Britt, 66 AD3d 853 [2009], lv denied 13 NY3d 716 [2010]).

Contrary to the defendant's contention, the hearing court's determination to designate the defendant a level three sex offender is supported by clear and convincing evidence (see Correction Law § 168-n [3]; People v Mingo, 12 NY3d 563 [2009]; People v Lewis, 56 AD3d 447 [2008]; People v Warren, 42 AD3d 593 [2007]; People v Dominie, 42 AD3d 589 [2007]). The hearing court properly assessed points for risk factor 1 based on the defendant's and the victim's sworn statements and the defendant's testimony at his plea allocution and sentencing (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 7-8 [2006] [hereinafter Guidelines]). It also properly assessed points for risk factor 7 because he was a stranger to the victim (see Guidelines at 12) and risk factor 11, given his admission that he was using alcohol at the time of the offense (see Guidelines at 15; People v Britt, 66 AD3d 853 [2009]).

However, as the People correctly concede, the Supreme Court erred in designating the defendant a sexually violent offender (see Correction Law § 168-a [3], [7] [b]).

The defendant's remaining contentions are without merit. Mastro, J.P., Florio, Balkin and Leventhal, JJ., concur.