THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL F. WAGNER, Appellant. [905 NYS2d 326]—

McCarthy, J. Appeals from two orders of the County Court of Washington County (McKeighan, J.), entered May 28, 2009, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.

In 1999, defendant pleaded guilty in Massachusetts to indecent assault and battery arising out of his inappropriate sexual contact with a 15-year-old girl, the babysitter of his seven-year-old daughter. In 2008, defendant was convicted by a jury in Washington County of two counts of endangering the welfare of a child, two counts of unlawfully dealing with a child and forcible touching—the conduct underlying the latter crime involved defendant touching the breasts of a 17-year-old girl (*see* Penal Law § 130.52). Thereafter, the Board of Examiners of Sex Offenders prepared separate risk assessment instruments— based on defendant's distinct Massachusetts and New York convictions—which both recommended that defendant be classified as a risk level three sex offender (*see* Correction Law art 6-C). Following hearings, County Court issued two orders clas-

sifying defendant as a risk level three sex offender.* Defendant appeals both orders.

We affirm. With regard to the order emanating from his New York conviction, defendant asserts that County Court erred in assessing 20 points for a "continuing course of sexual misconduct." In assessing such points, the victim's grand jury testimony that defendant often touched her breasts was "reliable hearsay sufficient to establish that defendant engaged in such a course of conduct" (*People v Callan*, 62 AD3d 1218, 1219 [2009]; *see generally People v Wagner*, 72 AD3d 1196 [2010]).

We likewise reject defendant's contention that County Court improperly relied on his Massachusetts conviction as the basis for an automatic override and for the assessment of 30 points under the "number and nature of prior crimes" category on the risk assessment instrument (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 3-4, 10-11 [2006]). Defendant was presumptively placed in the risk level three classification due to his total risk assessment score of 115 points and, thus, the override factors would only become relevant if other factors warranting a downward departure existed (*see People v Buckley*, 35 AD3d 1074, 1075 [2006]). As no such factors are applicable here, defendant was properly classified as a risk level three sex offender.

In light of our holding, an analysis of County Court's order arising from defendant's Massachusetts conviction is academic.

Cardona, P.J., Peters, Spain and Egan Jr., JJ., concur. Ordered that the orders are affirmed, without costs.

---

* The New York conviction resulted in defendant's classification as a risk level three predicate sex offender (*see* Correction Law § 168-a [7]; § 168-n [1]).