■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER KRUGER, Appellant. [931 NYS2d 753]—

Rose, J.P.

Defendant was indicted for aggravated sexual abuse in the second degree, sexual abuse in the first degree, sexual abuse in the second degree and two counts of endangering the welfare of a child based upon charges that he had undressed a sleeping 11-year-old girl who then awoke to find him touching her vagina and, on a separate occasion, similarly abused her 10-year-old sister. In full satisfaction of the indictment, he pleaded guilty to one count of sexual abuse in the first degree in connection with

his abuse of the younger victim and he was sentenced to six years in prison followed by three years of postrelease supervision. Prior to his release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C [hereinafter SORA]) recommending that defendant be classified as a risk level three sexually violent predicate sex offender. Following a hearing, County Court adopted the Board's recommendation.

Defendant now appeals, arguing initially that County Court should not have assessed him points for two victims because he only pleaded guilty to sexual abuse of the younger sister. We cannot agree. While the People bear the burden of establishing the risk level assessment by clear and convincing evidence (*see People v Gleason*, 85 AD3d 1508 [2011], *lv denied* 17 NY3d 711 [2011]), reliable hearsay such as grand jury testimony or the sworn statement of the victim to the police is sufficient to meet this burden (*see* Correction Law § 168-n [3]; *People v Miller*, 81 AD3d 1064, 1065 [2011]; *People v Parker*, 62 AD3d 1195, 1196 [2009], *lv denied* 13 NY3d 704 [2009]). Here, the People supported the points assessed for multiple victims with clear and convincing evidence by presenting the grand jury testimony of the older victim (*see People v Wagner*, 75 AD3d 674, 675 [2010], *lv denied* 15 NY3d 712 [2010]; *People v Brownell*, 66 AD3d 1060, 1061 [2009]).

Defendant also contends that the People failed to submit clear and convincing evidence of a physical injury to support the assessment of points under risk factor one for physical injury and risk factor two, aggravated sexual abuse. As relevant here, aggravated sexual abuse is defined as inserting a finger in the vagina of a person less than 11 years old and causing physical injury (*see* Penal Law § 130.67 [1] [c]). Physical injury is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). In our view, the People supported the assessment of the challenged points with clear and convincing evidence by submitting the 10-year-old victim's sworn statement and grand jury testimony that defendant had hurt her when he inserted his fingers into her vagina, and medical records reflecting that, upon examination at the hospital the following day, abrasions and redness were found within her vagina (*see People v Hazen*, 47 AD3d 1091, 1092 [2008]; *People v Lackey*, 36 AD3d 953, 955 [2007], *lv denied* 8 NY3d 947 [2007]; *People v Johnston*, 273 AD2d 514, 519 [2000], *lv denied* 95 NY2d 935 [2000]).

Finally, we find no basis to disturb County Court's classification of defendant as a predicate sex offender. A defendant "may

be classified as a predicate sex offender based upon convictions in a foreign jurisdiction where the individual was convicted of an offense which includes all the essential elements of an offense that is subject to registration in New York" (*People v Mann*, 52 AD3d 884, 885 [2008]; *see* Correction Law § 168-a [2] [d] [i]; [3] [b]; [7] [c]). Defendant was convicted of lewd assault on a male child in Florida in 1980, which involved touching the penis of a male child under the age of 14 (*see* Fla Stat Ann former § 800.04). Such contact constitutes the crime of sexual abuse in the second degree in New York (*see* Penal Law § 130.60 [2]), and it is subject to registration here (*see* Correction Law § 168-a [2] [a] [i]).

Malone Jr., Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.