# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1124**
**KA 13-01461**
PRESENT: CENTRA, J.P., FAHEY, SCONIERS, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                             MEMORANDUM AND ORDER

MICHAEL J. WOLLEK, DEFENDANT-APPELLANT.

---

JAMES S. KERNAN, PUBLIC DEFENDER, LYONS (DAVID M. PARKS OF COUNSEL), FOR DEFENDANT-APPELLANT.

RICHARD M. HEALY, DISTRICT ATTORNEY, LYONS (BRUCE A. ROSEKRANS OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Wayne County Court (Daniel G. Barrett, J.), dated July 3, 2013. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining, following a hearing, that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). Contrary to defendant's contention, he was properly assessed 25 points under risk factor 2 for sexual contact with the victim. Our analysis differs, however, from that of County Court (*see People v Middleton*, 50 AD3d 1114, 1115, *affd* 12 NY3d 737; *see e.g. People v Parilla*, 109 AD3d 20, 30-31, *lv denied* 21 NY3d 865; *People v Ferrer*, 69 AD3d 513, 514-515, *lv denied* 14 NY3d 709), and we note that the record is sufficient for us to make our own findings of fact and conclusions of law (*see e.g. People v Bradshaw*, 60 AD3d 922, 922). The People failed to meet their burden of establishing by clear and convincing evidence that defendant engaged in aggravated sexual abuse by inserting a foreign object in the vagina of the victim (*see generally* Correction Law § 168-n [3]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 5 [2006]). The People also failed to meet their burden of establishing that defendant engaged in sexual intercourse with the victim because where, as here, "the hearsay statements of [the victim] are equivocal or inconsistent, and not substantiated by other proof, they do not rise to the level of clear and convincing evidence" (*People v Dominie*, 42 AD3d 589, 591; *see People v Stewart*, 61 AD3d 1059, 1060; *see generally People v Gonzalez*, 28 AD3d 1073, 1074). Neither insertion of a foreign object nor sexual intercourse, therefore, can serve as a basis for the assessment of the challenged 25 points.

Based on our review of the record, however, we conclude that the People established by clear and convincing evidence that defendant engaged in aggravated sexual abuse in the second degree (Penal Law § 130.67 [1] [a]) and, thus, that defendant was properly assessed the challenged 25 points and classified as a presumptive level two risk (*see* Risk Assessment Guidelines and Commentary, at 9). As relevant here, Penal Law § 130.67 (1) (a) provides that "[a] person is guilty of aggravated sexual abuse in the second degree when he . . . inserts a finger in the vagina . . . of another person causing physical injury to such person . . . [b]y forcible compulsion." Inasmuch as defendant pleaded guilty to sexual abuse in the first degree (§ 130.65 [1]), it is undisputed that he engaged in sexual contact with the victim by forcible compulsion, and the presentence report and the case summary establish that defendant touched the victim's vagina by forcible compulsion (*see People v Wilson*, 117 AD3d 1557, 1558, *lv denied* 24 NY3d 902). Moreover, the record establishes that defendant's digital penetration of the victim caused physical injury (*see* § 10.00 [9]). The medical records introduced at the hearing by defendant establish that defendant "put his fingers inside of [the victim]" forcefully and in a manner that hurt her. The results of the victim's medical examination establish that she suffered three vaginal lacerations as well as tenderness, including a two centimeter bruise on her cervix. The nurse examiner concluded that the victim suffered an "[a]ctual or potential alteration in comfort" related to her injury, and that the physical findings were consistent with sexual assault (*see People v Kruger*, 88 AD3d 1169, 1170, *lv denied* 18 NY3d 806). Further, defendant's attorney conceded at the hearing that the physical injuries were "entirely consistent with the digital penetration" to which defendant pleaded guilty. On appeal, defendant further concedes that the vaginal lacerations and cervical bruising documented during the victim's medical examination constitute "injuries . . . fully consistent with penetration by . . . [d]efendant's fingers." We thus conclude that defendant was properly assessed the challenged 25 points for aggravated sexual abuse (*see* Risk Assessment Guidelines and Commentary, at 9), which results in a total score of 80 points, rendering him a level two risk.

Entered:  November 21, 2014                    Frances E. Cafarell
                                                Clerk of the Court