■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT JENNINGS, Appellant. [997 NYS2d 163]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Riviezzo, J.), dated July 10, 2012, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

In establishing a defendant's risk level pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C), the People bear the burden of establishing, by clear and convincing evidence, the facts supporting the determinations sought (*see* Correction Law § 168-n [3]; *see also* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]; *People v Finizio*, 100 AD3d 977, 978 [2012]). "[E]vidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . or any other reliable source, including reliable hearsay" (*People v Crandall*, 90 AD3d 628, 629 [2011]; *see People v Mingo*, 12 NY3d 563 [2009]).

The defendant's contention that the Supreme Court improperly assessed 10 points against him under risk factor 1 (forcible compulsion) is unpreserved for appellate review (*see People v Fitzpatrick*, 120 AD3d 565, 566 [2014]; *People v Watson*, 109 AD3d 463 [2013]; *People v Wiedeman*, 51 AD3d 888 [2008]). In any event, the contention is without merit, as the People established, by clear and convincing evidence, that the defendant compelled the victim to comply with his demands by use of physical force (*see* Penal Law § 130.00 [8]; *People v Harris*, 93 AD3d 704 [2012]).

Contrary to the defendant's contention, he was properly assessed 10 points under risk factor 13, based on his unsatisfactory conduct while supervised (*see People v Young*, 108 AD3d 1232, 1233 [2013]; *People v Lowery*, 93 AD3d 1269, 1270-1271 [2012]).

The defendant's remaining contention is without merit. Leventhal, J.P., Hall, Austin and Roman, JJ., concur.