■ The People of the State of New York, Respondent, v Kwane Cephus, Appellant. [7 NYS3d 605]—

Appeal by the defendant from an order of the Supreme Court, Queens County (Modica, J.), dated July 30, 2013, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The defendant correctly contends that, in determining his risk level under the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court improperly assessed him 30 points under risk factor 5, based upon the complainant being 10 years old or less at the time of the offense, rather than 20 points under that risk factor, based upon the complainant being 11 through 16 years old at the time of the offense. The evidence submitted by the People, including the felony complaint, which specified a range of dates on which the offenses were alleged to have taken place, beginning 27 days before the complainant's 11th birthday, and the equivocal grand jury testimony of a physician who examined the complainant, did not constitute clear and convincing evidence that the complainant was 10 years old at the time of the offenses (*see* Correction Law § 168-n [3]; *see generally People v Wollek*, 122 AD3d 1388, 1389 [2014]; *People v Stewart*, 61 AD3d 1059, 1060 [2009]). Rather, the clear and convincing evidence, including the fact that the defendant was not indicted for any sex offense pertaining to a 10-year-old victim (*see* Sex Offender Registration Act: Risk Guidelines and Commentary at 5 [2006]), demonstrated that the complainant was 11 years old at the time of the offenses. Accordingly, the Supreme Court should have assessed the defendant 20 points under risk factor 5, which reduces his

point total to 65, rendering him a presumptive level one sex offender.

However, the Supreme Court properly determined that an upward departure from a level one to a level two designation was warranted. In particular, in light of the brutal and severe nature of the defendant's conduct toward the complainant over a prolonged period, which caused vaginal and anal tearing and scarring, an upward departure is warranted to "avoid an . . . under-assessment of the defendant's dangerousness and risk of sexual recidivism" (*People v Gillotti*, 23 NY3d 841, 861 [2014]; *see People v Suber*, 91 AD3d 619, 619-620 [2012]; *People v Rios*, 57 AD3d 501, 502-503 [2008]; *People v Miller*, 48 AD3d 774, 775 [2008]). Accordingly, the defendant was properly adjudicated a level two sex offender. Skelos, J.P., Chambers, Maltese and Duffy, JJ., concur.