■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO ROMERO GONZALEZ, Appellant. [9 NYS3d 879]—Appeal by the defendant from an order of the County Court, Suffolk County (Kahn, J.), dated July 29, 2014, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

In establishing a defendant's risk level pursuant to the Sex Offender Registration Act (see Correction Law art 6-C), the People bear the burden of establishing, by clear and convincing evidence, the facts supporting the determinations sought (see Correction Law § 168-n [3]; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]; People v Wyatt, 89 AD3d 112, 117-118 [2011]).

The defendant's contention that the County Court improperly assessed 15 points against him under risk factor 1 is unpreserved for appellate review (see People v Jennings, 122 AD3d 915, 916 [2014]). In any event, the People established, by clear and convincing evidence consisting of, inter alia, the victim's medical records and the written statement to the police made by the father of the four-year-old victim, that the defendant inflicted physical injury on the victim, which supported the assessment of 15 points under risk factor 1 (see People v Kruger, 88 AD3d 1169, 1170 [2011]; People v Sullivan, 64 AD3d 67, 73-74 [2009]; People v Hazen, 47 AD3d 1091, 1092 [2008]; People v Fisher, 22 AD3d 358, 358 [2005]). Accordingly, the County Court properly designated the defendant a level three sex offender. Leventhal, J.P., Chambers, Roman and Hinds-Radix, JJ., concur.