*48 OPINION OF THE COURT
Yvonne Lewis, J.
The petitioner, Mario Cassarino, filed a writ of habeas corpus on February 13, 1996. The respondents submitted their papers and this court sustained the writ on February 21, 1996. Respondents now move for reargument. The motion to reargue gives the movant the "opportunity to establish that the court overlooked or misapprehended the relevant facts, or misapplied any controlling principle of law.” (Foley v Roche, 68 AD2d 558, 567 [1st Dept 1979].) The motion to reargue was granted upon the parties’ oral arguments.
Mario Cassarino was convicted in New York State of robbery in the first degree and sentenced to a term 31/2 to 101/2 years. He was released to parole supervision in April 1992. While he was on parole and in Fort Lauderdale, Florida, Mr. Cassarino pleaded guilty to offenses of conspiracy to commit extortion and threats. He pleaded to two counts in the Florida information. In exchange for his plea, the court withheld adjudication of guilt and imposed fines on each count. This disposition is known as "adjudication withheld”. It means that the court declines to convict the defendant until after a period of probation, at the end of which no conviction is entered if the probation has been successfully completed (see, e.g., Thomas v State, 356 So 2d 846, 847 [dictum], cert denied 361 So 2d 835 [Fla 1978]).
Upon his return to the custody of the New York State Division of Parole, a detainer warrant was lodged and the petitioner was charged with violation of parole. Based upon the "conviction” in Florida, Mr. Cassarino was denied a preliminary hearing, but a final hearing was scheduled. That denial formed the basis for the writ of habeas corpus. The petitioner has asserted that his plea of guilty to the Florida information was not a conviction since the Florida court "withh[e]ld adjudication of guilt.” Additionally, it is the petitioner’s contention that the "full faith and credit clause” of the United States Constitution requires that New York recognize the fact that Florida’s withholding of adjudication means there was no conviction. Consequently, the Division of Parole was required to give him a preliminary hearing.
The respondents contend that the petitioner was not entitled to a preliminary hearing because he had been convicted of a crime in Florida. The respondents explicate that the withholding of adjudication has no impact on this issue because the *49 petitioner’s plea of guilty was sufficient to "convict” him of the crimes to which he pleaded. This court earlier held that the petitioner had not been convicted under Florida law and, therefore, was entitled to a preliminary hearing within 15 days of his retaking and temporary detention. The court now reverses that decision.
Those who are parolees carry with them the responsibility of observing the law to avoid a violation of parole. The Division of Parole must adhere to the law in determining whether a parolee has done so. The Division’s behavior is governed by the Executive Law. Section 259-i (3) (c) (i) states that: "[w]ithin fifteen days after the warrant for retaking and temporary detention has been executed, unless the releasee has been convicted of a new crime committed while under his present parole * * * the board of parole shall afford the alleged parole or conditional release violator a preliminary revocation hearing before a hearing officer designated by the board of parole.” (Emphasis added.) The preliminary hearing appears to have as its main purpose the establishment of probable cause to determine whether the parolee has violated one or more of the conditions of release in some important respect. (Executive Law § 259-i [3] [c] [iv].)
" 'Conviction’ ”, according to the statute, means "the entry of a plea of guilty to * * * an accusatory instrument other than a felony complaint, or to one or more counts of such instrument.” (CPL 1.20 [13].) The definition would, at first blush, appear to include Mr. Cassarino’s circumstance. Since the statute makes no reference to jurisdiction, it seems a reasonable assumption that it would be the jurisdiction covered by the statute itself, that is, the State of New York. Thus Mr. Cassarino would certainly be "convicted” within the meaning of the Executive Law if he had pleaded guilty in New York State to criminal activity under like conditions. It is not initially clear that a guilty plea out of State results in a conviction in New York.
"At best, the definition of 'conviction’ in Florida is ambiguous not only for a lay person, but for lawyers and judges as well.” (Proffitt v Unemployment Appeals Comm., 658 So 2d 185, 187 [Fla 1995].) In Smith v Bartlett (570 So 2d 360 [Fla 1990], reh denied [1990]), the court summarized a history of the circumstances which attended Florida’s "withholding of adjudication”. The district court stated:
"Our supreme court * * * has distinguished a 'judgment of conviction’ (which requires an adjudication) from a 'conviction’ *50 (which does not necessarily require an adjudication). State v. Gazda, 257 So. 2d 242 (Fla. 1971). In Gazda, the court interpreted section 775.14, Florida Statutes which provided:
"Limitation on withheld sentence. — Any person receiving a withheld sentence upon conviction for a criminal offense, and such withheld sentence has not been altered for a period of five years, shall not thereafter be sentenced for the conviction of the same crime for which sentence was originally withheld.
"The court held that the term conviction as used in this statute meant 'determination of guilt by verdict of the jury or by plea of guilty, and does not require adjudication by the court.’ See also Barber v. State, 413 So. 2d 482 (Fla. 2d DCA 1982); and Johnson v. State, 449 So. 2d 921 (Fla. 1st DCA 1984), rev. denied, 458 So. 2d 274 (Fla. 1984) (both holding that adjudication is not necessary for a conviction to justify impeachment); Jones v. State, 502 So. 2d 1375 (Fla. 4th DCA 1987) (holding that adjudication is not necessary for a former conviction to justify a double jeopardy argument); and Maxwell v. State, 336 So. 2d 658 (Fla. 2d DCA 1976) (holding that the absence of an adjudication does not prevent the conviction from being considered in a habitual offender proceeding).” (Smith v Bartlett, supra, at 361.)
The Smith court was considering a defendant who was found guilty of aggravated battery. Although adjudication of guilt was withheld, Smith was placed on probation and ordered to pay restitution. In the civil action for damages which followed the criminal trial, the trial court entered a partial summary judgment determining liability of Smith based on a Florida statute which provided that the conviction of a defendant for an offense involving the act giving rise to restitution under that section would prevent the defendant from denying the essential allegations of the offense in any subsequent civil proceeding. An order of restitution would not bar any subsequent civil remedy or recovery, but the amount of such restitution would be set off against the independent civil recovery. Smith contended that since he was not "convicted” the above-cited statute should not have been applied to him.
Having shown numerous instances in which the courts of Florida had required and had not required the adjudication of the court, the Smith court held "that one who pleads guilty or is found guilty by a jury has been 'convicted’ under the [statute] even in the absence of an adjudication.” (Smith v Bartlett, supra, at 361.) So it is arguable that the Florida courts might find that Mr. Cassarino had not been "convicted” under the *51 circumstances he faces in New York. I note, however, that the Second District Court of Appeals ruling in Maxwell v State (336 So 2d 658, supra [Fla 1976]) ignored the absence of an adjudication and allowed the plea to be used in a habitual offender proceeding.
Assuming that Florida law called for the adjudication of the court, it must be determined whether that law governs in this case. Must New York State, under the Full Faith and Credit Clause of the Constitution, require this court to accept Florida’s interpretation. It does not.
The Full Faith and Credit Clause requires that each State give full faith and credit to the "public Acts, Records, and judicial Proceedings of every other State.” (US Const, art IV, 1.) "[I]t is no denial of full faith and credit for New York to treat Poo’s guilty plea in Florida as a prior conviction for purposes of New York’s predicate felon statute” (Poo v Hood, 1992 WL 30617, 5 [SD NY, Feb. 12, 1992, Mukasey, J.]). That court also noted that New York’s decision to treat "a finding of guilt as the predicate to imposing a heavier penalty when a defendant commits another crime cannot violate the full faith and credit clause, regardless of how Florida chooses to treat the same event.” (Poo v Hood, 1992 WL 30617, 6 [SD NY].)
In Groseclose v Plummer (106 F2d 311 [9th Cir], cert denied 308 US 614 [1939]), the court reasoned that "Notwithstanding the [two] Texas [convictions which had been] pardon[ed], the stubborn fact remains that the habit of crime was upon him. The executive clemency of one state could not, under any law of such state, prevent a sister state from taking cognizance of plain facts, and from applying its police laws to them.” (Supra, at 313.) "The full faith and credit clause does not lodge in the state of original conviction the power to control the effect of that conviction on later acts committed outside that state. Indeed, it appears that the full faith and credit clause can impose no obligation whatever on a state to enforce the criminal laws of another state. Huntington v. Attrill, 146 U.S. 657, 669 (1892).” (Poo v Hood, 1992 WL 30617, 6 [SD NY], supra.)
It is of no consequence what Florida would do if this writ were brought there. New York State has the power to treat Mr. Cassarino’s guilty plea as a conviction. The effect of the Full Faith and Credit Clause does not require New York State to accept a Florida finding, if one were to exist, that Mr. Cassarino was not convicted under its law. That being so, this court now denies the writ of habeas corpus brought by Mario Cassarino.