[898 NYS2d 702]

In the Matter of KARLOS SMITH, Appellant, v ELIZABETH M. DE-
VANE, as Chairperson of the New York State Board of
Examiners of Sex Offenders, et al., Respondents.

Third Department, April 8, 2010

### APPEARANCES OF COUNSEL

*Tilem & Campbell, P.C.*, White Plains (*John Campbell* of counsel), for appellant.

*Andrew M. Cuomo, Attorney General*, Albany (*Robert M. Goldfarb* of counsel), for respondents.

### OPINION OF THE COURT

SPAIN, J.P.

In 1994, in Texas District Court, Victoria County, petitioner, then a resident of Texas, entered a guilty plea as charged in an indictment to first degree aggravated sexual assault of a child, a felony (*see* Tex Penal Code Ann § 22.021), stemming from charges he subjected a 10-year-old relative to sexual contact on several occasions. The Texas court, acting in its discretion under chapter 42 of the Texas Code of Criminal Procedure Annotated, imposed a "deferred adjudication" of guilt, suspended imposition of a prison sentence, and placed petitioner under the maximum 10-year term of community supervision, akin to probation, with 26 terms and conditions, and community service (*see* Tex Code Crim Proc Ann, art 42.12, §§ 3, 5). As a result of the plea, under Texas law, he is required to annually register

as a sex offender, for life, in Texas (*see* Tex Code Crim Proc Ann, art 62.001 [5] [A]).

After petitioner moved to New York, respondent Board of Examiners of Sex Offenders (hereinafter Board) notified him by letter dated May 1, 2008 that he was required to register in New York under the Sex Offender Registration Act (*see* Correction Law art 6-C [hereinafter SORA]) based upon that Texas felony sex offense for which he was required to register as a sex offender in that jurisdiction (*see* Correction Law § 168-a [2] [d] [ii]).[1] Additionally, respondent Division of Criminal Justice Services (hereinafter DCJS) notified petitioner by letter dated May 14, 2008 that he was also required to register any Internet accounts (with service providers) belonging to him and any e-mail addresses and screen names used by him for Internet chats, social networking or instant messaging (*see* Correction Law § 168-b [1] [a]). In June 2008, the Board completed a risk level assessment of petitioner, and made a risk level recommendation[2] to the court in New York County, the county of petitioner's residence (*see* Correction Law § 168-k [2]).

Petitioner commenced this CPLR article 78 proceeding in Albany County seeking, among other things, reversal of the Board's determination that he is required to register as a sex offender in this state and of DCJS's Internet access disclosure directive.[3] Supreme Court held that the Board had properly determined that petitioner is a sex offender required to register under SORA, and dismissed the petition. Petitioner now appeals.

■ Pursuant to Correction Law § 168-a (2), as amended in 1999 (*see* L 1999, ch 453), certain defendants who reside in this

---

1. When petitioner initially began working periodically in New York, he voluntarily registered under SORA as a nonresident worker (*see* Correction Law § 168-a [14]; § 168-f [6]).

2. While petitioner attempted in his petition to challenge the Board's risk level "recommendation" to the court, that is not appealable and is not binding on the sentencing court (*see People v Arotin*, 19 AD3d 845, 847 [2005]). The determination of the appropriate risk level and designations is made by the sentencing court, after a hearing, in an order (*see* Correction Law § 168-n). A hearing scheduled for August 2008 in New York County was stayed by Supreme Court, Albany County, in petitioner's order to show cause commencing this special proceeding. After Supreme Court dismissed this petition, this Court denied petitioner's request for a stay. A SORA hearing was reportedly held, but that determination is not before us.

3. Petitioner raises no arguments in his brief regarding the DCJS directive that he disclose Internet provider and identifier information (*see* Correction Law § 168-b [1] [a]; § 168-f [4]) and, thus, that claim is deemed abandoned.

state and were convicted of sex offenses in other jurisdictions must register as sex offenders in New York (*see People v Kennedy*, 7 NY3d 87, 89 [2006]; *see also Matter of North v Board of Examiners of Sex Offenders of State of N.Y.*, 8 NY3d 745, 749 [2007]). As relevant here, that section provides that a register-able sex offense includes "a conviction of . . . (ii) a felony in any other jurisdiction for which the offender is required to register as a sex offender in the jurisdiction in which the conviction occurred" (Correction Law § 168-a [2] [d] [ii]; *see People v Mann*, 52 AD3d 884, 885 [2008]). Petitioner's principal contention is that the deferred adjudication he received in Texas upon his guilty plea is not a "conviction" under Texas law[4] and, thus, while he is concededly required to register as a sex offender for life in that jurisdiction, he is not required to register in New York under Correction Law § 168-a (2) (d) (ii). We find this argument untenable.

While SORA does not define "conviction," it is appropriate to look to CPL 1.20 (13), which unequivocally provides that a conviction includes "the entry of a plea of guilty" to an accusatory instrument (or counts thereof). Indeed, a guilty plea qualifies as a conviction in this state, even before sentencing (*see People v Montilla*, 10 NY3d 663, 667 [2008]; *People v Wood*, 60 AD3d 1350, 1350 [2009]). Here, the Texas court records reflect that petitioner entered a plea of guilty to a sex offense and said plea was "received" by the court and "entered of record . . . as the plea of said defendant" and, thereafter, the adjudication of guilt was deferred and community supervision and other conditions imposed. As it is undisputed that the underlying Texas sex offense to which petitioner entered a guilty plea was a felony that required registration as a sex offender in that jurisdiction

---

4. Under Texas law, after receiving a guilty plea (or plea of nolo contendere), a criminal court may, in the interest of justice, hear the evidence, find that it substantiates the defendant's guilt, and defer further proceedings without entering an adjudication of guilt, and place the defendant on community supervision (*see* Tex Code Crim Proc Ann, art 42.12, § 2 [2]; §§ 3, 5 [a]). Upon a violation of the community supervision provisions, the defendant may be arrested and a hearing held to determine whether to proceed to an adjudication of guilt on the original charge and, if so adjudicated, to sentencing. The statutory scheme provides that on expiration of a period of community supervision, the judge shall dismiss the proceedings against and discharge the defendant, which dismissal and discharge shall not constitute a conviction except in limited circumstances. The record does not reflect such a dismissal or discharge by a Texas court. Courts in Texas have ruled that because a deferred adjudication does not include an adjudication of guilt, a deferred adjudication order is not a conviction (*see Hurley v State*, 130 SW3d 501, 505-506 [Tex Ct App 2004]).

for life (*see* Tex Code Crim Proc Ann art 62.001 [5] [A]; *see also People v Kennedy*, 7 NY3d at 91), and entry of a guilty plea constitutes a "conviction" under New York law, the Board correctly determined that petitioner was required to register as a sex offender under Correction Law § 168-a (2) (d) (ii), notwithstanding that he received a discretionary deferred adjudication under Texas criminal procedure upon that guilty plea (*see* Correction Law § 168-k [2]).

Notably, for legitimate policy reasons, SORA does not provide that the various laws of other jurisdictions will control in the determination of whether an admitted, registered sex offender in that jurisdiction must register in this state upon relocating here. Whether petitioner is required to register in this state should ultimately be resolved as a matter of New York law, with the aim of giving effect to the Legislature's remedial intent. In so doing, we recognize that enforcement of our SORA provisions is a proper exercise of this state's police powers (*see* Historical and Statutory Notes, McKinney's Cons Laws of NY, Book 10B, Correction Law § 168, at 278; L 1995, ch 192, § 1). Previously, we held that New York is not required under full faith and credit principles to assign an offender the same risk level classification as that designated by the jurisdiction where the registerable conviction occurred, recognizing that

> "[t]he administrative manner in which a state [like New York] chooses to exercise the registration requirements for a sex offender who moves into its jurisdiction falls squarely within the power of that state and is not governed by the procedures in effect in the state [like Texas] where the offender previously resided" (*People v Arotin*, 19 AD3d 845, 846-847 [2005]).

Treating petitioner's Texas guilty plea on parity with a guilty plea entered in this state, i.e., as a conviction, for purposes of sex offender registration in this state is fundamentally fair and furthers SORA's purposes of public protection and enhancing law enforcement efforts to combat sex crimes (*see Matter of North v Board of Examiners of Sex Offenders of State of N.Y.*, 8 NY3d at 752). Moreover, the Board's treatment of petitioner's Texas guilty plea and deferred adjudication as a conviction requiring registration as a sex offender in this state results in that plea having the same (or no greater) consequence in this state as in Texas, i.e., registration as a sex offender.

In the absence of any reason to conclude that the Legislature in amending SORA in 1999 (*see* Correction Law § 168-a [2]) did

not intend the word "conviction" to have the same statutory meaning given that term in the Criminal Procedure Law, we decline to interpret this important provision of SORA in a manner that would lead to unintended and "absurd consequences" (*Long v State of New York*, 7 NY3d 269, 273 [2006]), i.e., not requiring sex offender registration for a New York resident based upon a foreign-jurisdiction guilty plea to a felony sex offense that requires lifelong registration in that jurisdiction. That petitioner received a discretionary, alternative adjudication (not available in New York) upon his guilty plea to a felony sex offense requiring lifelong sex offender registration in that jurisdiction does not obviate the remedial objectives of SORA, which is designed to assess the offender's risk of recidivism and the particularized threat posed to and notification of citizens of this state (*see generally* Correction Law § 168-*l* [5]).

Finally, Supreme Court correctly rejected petitioner's other contention that he is not required to register under SORA because his 1994 Texas deferred adjudication (conviction) was rendered prior to SORA's original effective date in 1996. When the Legislature amended SORA to require offenders to register for felony convictions requiring registration in other jurisdictions (*see* Correction Law § 168-a [2] [eff Jan. 1, 2000]), it specifically provided that those amendments "shall apply to persons convicted of an offense committed prior to such date [i.e., January 1, 2000] who, on such date, have not completed service of the sentence imposed thereon" (L 1999, ch 453, § 29; *see* Historical and Statutory Notes, McKinney's Cons Laws of NY, Book 10B, Correction Law § 168-a, at 284-285). Petitioner's 10-year period of community supervision was still being served in 2000 and was not completed until March 31, 2004 and, thus, the amended registration requirement applied to him. We find specious his claim that his community supervision did not constitute a "sentence" within the meaning of that term as used in the above-quoted legislative effective date provision (*see* L 1999, ch 453, § 29). Community supervision, as imposed by the Texas court (*see* Tex Code Crim Proc Ann, art 42.12, § 5), is akin to a sentence of probation in New York (*see* Penal Law art 65; *see also* Penal Law § 60.01 [2] [a] [i]), in which reasonable conditions may be imposed (*see* Penal Law § 65.10; CPL 410.10), and the violation[5] of which may result in the offender's arrest, detention and revocation of probation and imposition of a term of

---

**5.** Petitioner was thrice charged in Texas with violating the terms of his community service.

incarceration (*see* CPL 410.70). Thus, the Board properly determined that petitioner is required to register as a sex offender in New York, and DCJS was authorized to require petitioner to submit the requested Internet-related information.

ROSE, KAVANAGH, STEIN and EGAN JR., JJ., concur.

Ordered that the judgment is affirmed, without costs.