OPINION OF THE COURT
David I. Schmidt, J.
Petitioner Daniel Kasckarow petitions for an order and judgment, pursuant to CPLR 7801 through 7806, annulling and vacating the January 25, 2011 final determination of respondent Board of Examiners of Sex Offenders of the State of New York (Board) on the grounds the determination was arbitrary and capricious, was affected by error of law and involved an abuse of discretion.
It is ordered and adjudged that the petition is dismissed.
The essence of petitioner’s claim is that his Florida nolo contendere plea to the crime of indecent assault (former Fla Stat § 800.04 [3]), for which the court withheld adjudication, and entered an “order of supervision” placing petitioner on “sexual offender probation” for four years, does not constitute a conviction for purposes of the Sex Offender Registration Act (Correction Law art 6-C [SORA]), and that, as such, the Board erred in determining that petitioner was required to register under SORA.
The underlying facts are largely undisputed. By an April 1998 information, the State of Florida charged that, on October 1, 1997, petitioner, who was 18 at the time, violated former Florida Statutes § 800.04 (3) by committing an act of sexual battery *1030 as defined in Florida Statutes § 794.011 (1) (h)[1] upon a child under the age of 16.[2] On June 4, 1999, petitioner entered a plea of nolo contendere to the charge for which the court withheld adjudication, and the court entered an “order of supervision” placing petitioner on “sexual offender probation” for four years. In March 2001, the Florida court granted a defense motion to terminate petitioner’s probation and petitioner was thereafter required to register as a sex offender under Florida Statutes § 943.0435, Florida’s version of SORA.
Prior to moving to New York, petitioner sent a letter dated February 1, 2006 to the New York State Division of Criminal Justice Services (DCJS) informing it that he was required to register as a sex offender in Florida and that he intended to move to New York by February 8, 2006. DCJS thereafter sent petitioner a sex offender registration form, which petitioner executed and returned. After receiving this form, the Board, in a letter dated March 8, 2006, determined that petitioner was a sex offender required to register under SORA, and upon the recommendation of the Board, on November 14, 2006, the court (Sup Ct, Kings County, Hall, J.) determined that petitioner’s final risk level determination was level one.
In October 2009, petitioner commenced an article 78 proceeding (Sup Ct, Kings County, index No. 26493/09) to vacate the Board’s determination that he was required to register as a sex offender under SORA. In a decision dated June 11, 2009, the court (Rothenberg, J.) determined that petitioner was entitled to a hearing to determine whether petitioner was properly served with the Board’s notification letter informing him that he was subject to the registration requirements of SORA. Rather than proceed with such a hearing, the Board, on August 4, 2010, stipulated that it would recommence the registration process *1031 and “re-issue a final determination.” On January 25, 2011, the Board issued a new determination informing petitioner that he was required to register under SORA because he had been convicted of a sex offense as set forth in Correction Law § 168-a, and petitioner has since commenced the instant proceeding to vacate or annul the January 25, 2011 determination.[3]
Petitioner’s claim turns on whether the Florida proceeding can serve as a basis for requiring him to register as a sex offender under SORA. SORA indisputably requires persons convicted of certain sex offenses in other jurisdictions to register as sex offenders when they move to New York (see Matter of Smith v Devane, 73 AD3d 179, 181-182 [2010], lv denied 15 NY3d 708 [2010]). Here, the Board relies upon the section requiring a person to register for a “conviction of . . . (ii) a felony in any other jurisdiction for which the offender is required to register as a sex offender in the jurisdiction in which the conviction occurred” (Correction Law § 168-a [2] [d] [ii]).[4] Although petitioner concedes that he was required to register as a sex offender in Florida based on the Florida proceeding, petitioner asserts that the nolo contendere plea with adjudication withheld does not qualify as a conviction for purposes of Correction Law § 168-a (2) (d) (ii).
Because SORA does not define “conviction,” the court in Matter of Smith found it appropriate to look to CPL 1.20 (13), which provides that conviction includes “the entry of a plea of guilty” to an accusatory instrument (or counts thereof) (Matter of Smith, 73 AD3d at 182). New York does not recognize nolo contendere pleas (see People v Daiboch, 265 NY 125,129 [1934]).[5] Nevertheless, the fact that a defendant does not technically *1032 admit guilt in a nolo contendere plea has not prevented New York from recognizing that a nolo contendere plea from another jurisdiction constitutes a conviction for sentencing a defendant as a second felony offender (see People v Daiboch, 265 NY at 129; People v Long, 207 AD2d 988, 989 [1994], lv denied 85 NY2d 864 [1995]), an aggravating factor for a first degree murder charge under Penal Law § 125.27 (1) (a) (ix) (see People v Williamson, 301 AD2d 860, 862 [2003], lv denied 100 NY2d 567 [2003]), a ground for parole violation (see People v Johnson, 173 Misc 2d 254, 257 [Yates County Ct 1997]), a ground for disbarment (see Matter of Ward, 18 AD2d 15, 16 [1963]), and denial of a civil service application (see Matter of Dower v Poston, 76 Misc 2d 721, 724 [Sup Ct, Albany County 1973]).
New York does recognize Alford pleas (see North Carolina v Alford, 400 US 25 [1970]), which are similar to nolo contendere pleas (see Alford, 400 US at 37 [found no material difference between a plea of nolo contendere and an Alford plea]), and, in which a court will accept a plea even where a defendant negates an essential element of the charged crime in his or her allocution (see Matter of Silmon v Travis, 95 NY2d 470, 475 [2000]). Importantly, the Court of Appeals has recognized that, from the state’s perspective, an Alford plea is no different from any other guilty plea, and may be used for the same purposes as any other conviction (see Matter of Silmon, 95 NY2d at 475), including for impeachment (see People v Miller, 91 NY2d 372, 378 [1998]), a predicate for enhanced sentencing (see People v Andrews, 78 AD3d 1229, 1232-1233 [2010], lv denied 16 NY3d 827 [2011]; People v Harvey, 235 AD2d 325 [1997], lv denied 89 NY2d 1036 [1997]), a predicate for civil penalties (Matter of Hopfl, 48 NY2d 859, 860 [attorney disbarred based on Alford plea]), and sex offender registration under SORA (see People v J.G., 171 Misc 2d 440, 445-446 [Sup Ct, Richmond County 1996]).
In sum, a nolo contendere plea is generally deemed a conviction. There is also nothing unique about SORA that suggests that a nolo contendere plea should be treated differently *1033 for purposes of SORA registration. Accordingly, a nolo contendere plea is sufficiently akin to a guilty plea to be deemed a conviction for purposes of CPL 1.20 (13), and thus may be considered a conviction for purposes of SORA.
Petitioner nevertheless argues that the Florida proceeding should not be deemed a conviction not just because of the nolo contendere plea, but also because the adjudication was withheld. Such an argument was essentially rejected by the Appellate Division, Third Department, in Matter of Smith. In Matter of Smith, the Board required the petitioner to register under SORA based on a guilty plea to a Texas crime requiring that the petitioner register as a sex offender in Texas, in which the court imposed a “deferred adjudication” of guilt,[6] suspended imposition of a prison sentence, and placed the petitioner under a term of community supervision, akin to probation (Matter of Smith, 73 AD3d at 181). As noted above, the Third Department emphasized that it is the entry of the guilty plea that constitutes a conviction under New York law (id. at 182). Consequently, the Third Department found that the Texas guilty plea constituted a conviction requiring registration under SORA, notwithstanding the deferred adjudication of guilt (id. at 183).
By parity of reasoning with Matter of Smith, it is petitioner’s nolo contendere plea here that constitutes the conviction, and the fact that adjudication was withheld has no bearing on whether the Florida crime constitutes a conviction for purposes of SORA (see People v Mitch, 1 Misc 3d 905[A], 2003 NY Slip Op 51513 [U] [Yates County Ct 2003] [guilty plea with adjudication withheld required registration under SORA]; see also Matter of Smith, 73 AD3d at 182-183; United States v Hardeman, 598 F Supp 2d 1040, 1047-1048 [ND Cal 2009]). Courts have come to similar conclusions with respect to use of an adjudication withheld for purposes of a parole violation (see People ex rel. Cassarino v New York State Div. of Parole, 170 Misc 2d 47, 50-51 [Sup Ct, Kings County 1996]) and jail time credit (see People ex rel. Lesnowski v Von Holden, 107 Misc 2d 581, 585 [Sup Ct, Oneida County 1980]).
There is also nothing fundamentally unfair about deeming petitioner’s Florida proceeding a conviction for purposes of SORA, since, as petitioner concedes, petitioner’s nolo contendere plea with adjudication withheld for violating Florida *1034 Statutes § 800.04 (3) constitutes a conviction for purposes of Florida’s sex registration requirements, and required him to register as a sex offender in Florida (see Price v State, 43 So 3d 854, 857 [Fla Dist Ct App 2010]; Fla Stat § 943.0435 [1] [a] [1] [a] [II]). Indeed, Florida courts have held that a nolo contendere plea with adjudication withheld is generally considered a conviction for purposes of determining a defendant’s sentence for subsequent convictions (see Montgomery v State, 897 So 2d 1282, 1286 [Fla 2005]; State v Mason, 979 So 2d 301, 303-304 [Fla Dist Ct App 2008], review denied 990 So 2d 1059 [Fla 2008]; cf. Smith v State, 28 So 3d 838, 876-878 [Fla 2009] [while a nolo contendere plea is a conviction for purposes of sentencing, such a plea is not a conviction for purposes of a capital murder aggravating factor], cert denied 564 US —, 131 S Ct 3087 [2011]).[7]
Petitioner nevertheless submits that the nolo contendere plea with adjudication withheld should be considered like a youthful offender adjudication. This argument, however, ignores the fact that Florida has its own youthful offender statute (Fla Stat, ch 958), and that petitioner was not adjudicated as a youthful offender under that statute. Moreover, even if petitioner had been adjudicated a youthful offender under Florida law, such treatment would not have affected petitioner’s obligation to register as a sexual offender in Florida (see Dejesus v State, 862 So 2d 847, 849 [Fla Dist Ct App 2003]; see also People v Kuey, 83 NY2d 278, 284 [1994] [under Florida law, a youthful offender adjudication may be used as a predicate conviction for enhanced sentencing purposes]). Since a Florida youthful offender would have to register as a sex offender in Florida, the proceeding would be considered a conviction under SORA, even though a New York youthful offender would not have to register (see People v Kuey, 83 NY2d at 284-285 [Florida youthful offender adjudication is a conviction under New York’s second felony offender statute]; People v Coolbaugh, 259 AD2d 781, 782 [1999]).
*1035 Petitioner also argues that registration should not be required here because there is no New York felony sex offense that is equivalent to former Florida Statutes § 800.04 (3). Assuming this to be correct,[8] Correction Law § 168-a (2) (d) (ii) is intended to require registration for out-of-state felony sex offenses that have no New York equivalent. This purpose is evident from the legislative history of SORA. When SORA was first enacted, the only out-of-state convictions that required registration in New York were felonies with the same essential elements as a New York crime requiring registration (see L 1995, ch 192, § 2). It is thus obvious that the legislature added what is now Correction Law § 168-a (2) (d) (ii) (see L 1999, ch 453) in order to include offenses from other jurisdictions that do not have the same essential elements as New York sex offenses (People v Kennedy, 7 NY3d 87, 94 n 5 [2006, Graffeo, J., concurring]). Under these circumstances, and in light of the nonpunitive, remedial public safety purpose underlying SORA, the lack of an equivalent New York felony conviction is not grounds for exempting petitioner from the registration requirement (see Matter of North v Board of Examiners of Sex Offenders of State of NY, 8 NY3d 745, 752 [2007]).
In sum, petitioner has failed to demonstrate that his Florida nolo contendere plea with adjudication withheld may not be considered a conviction under SORA. In the absence of any other grounds for annulling or vacating the Board’s determination that he is required to register as a sex offender under SORA, and in the absence of any factual issues, the petition *1036 must be dismissed (see Matter of Smith, 73 AD3d at 185; see also Montepagani v New York City Dept, of Health, Div. of Vital Records, 85 AD3d 474, 475 [2011]; Matter of Buckley v Town of Wappinger, 12 AD3d 597, 598 [2004]; Matter of Barreca v DeSantis, 226 AD2d 1085, 1086 [1996]).
Although I am compelled by the statutory provisions, as interpreted by case law, to dismiss the petition,[9] I wish to express my own dissatisfaction with requiring petitioner to register under the circumstances of this case. Assuming that the victim was a 15-year-old high school classmate, that the victim consented to having sexual relations with petitioner, and that the only basis for the prosecution was the victim’s age, requiring petitioner to register for 20 years (Correction Law § 168-h [1]) appears to be an unduly harsh consequence for consensual sex between teenage classmates who were close in age. Commentators have criticized the continued criminalization of such teen sex, and the laws requiring such offenders to register (see e.g. Stine, Comment, When Yes Means No, Legally: An Eighth Amendment Challenge to Classifying Consenting Teenagers as Sex Offenders, 60 DePaul L Rev 1169 [2011]; Wynton, Note, Myspace, Yourspace, But Not Theirspace: The Constitutionality of Banning Sex Offenders from Social Networking Sites, 60 Duke LJ 1859 [2011]). These commentators also compellingly argue that offenders like petitioner simply do not present the danger of re-offending that other sex offenders do, and that their inclusion in the sex offender registries makes the sex offender registration laws a less effective tool in protecting the public from the offenders who are truly dangerous (see Stine, 60 DePaul L Rev at 1220-1221; Wynton, 60 Duke LJ at 1892 n 154, 1893; see also Doe v Michigan Dept. of State Police, 490 F3d 491, 496 [6th Cir 2007]; Doe v Attorney Gen., 430 Mass 155, 164-165, 715 NE2d 37, 44 [1999]; see also Morello, Unclear and Unconvincing Evidence in SORA Hearings, NYLJ, Apr. 18, 2011, at 6 [identifying studies showing that recidivism rates for sex offenders are not as high as popularly believed]).
These concerns led a Michigan appellate court to find that requiring registration of an offender under circumstances simi *1037 lar to those here constituted cruel and unusual punishment under Michigan’s constitution (see People v Dipiazza, 286 Mich App 137, 153-157, 778 NW2d 264, 273-274 [2009]).[10] Similarly, the federal government’s Sex Offender Registration and Notification Act (SORNA) (42 USC §§ 16901-16918), which imposes registration requirements on certain offenders involved in interstate commerce and imposes minimum standards for state sex offender registration acts (see United States v Hinckley, 550 F3d 926, 939 [10th Cir 2008], cert denied 556 US —, 129 S Ct 2383 [2009]; United States v Hardeman, 598 F Supp 2d 1040, 1042-1045 [ND Cal 2009]), includes a provision excepting offenders from registration requirements where the conduct was consensual and victim was at least 13, and the offender not more than four years older than the victim (42 USC § 16911 [5] [C]).[11] Several states have responded to SORNA by including similar consensual teen-sex exceptions to their registration requirements (see People v Dipiazza, 286 Mich App at 155, 778 NW2d at 274; State v Metzger, 2011 WL 3274157, 2011 Ohio App LEXIS 3180 [2011]), including Florida, which allows a sex offender to petition to end his or her registration requirement where his or her criminal conduct falls under the above-noted SORNA exception (see Fla Stat § 943.04354; Miller v State, 17 So 3d 778 [2009], review denied 31 So 3d 177 [2010]). It is unfortunate that New York has failed to add such a provision to SORA. Under these circumstances, I believe that requiring petitioner to register here, while required by statute and case law, is manifestly unfair.

. Former Florida Statutes § 800.04 (3) (1984 Fla Laws, ch 84-86, § 5; 1990 Fla Laws, ch 90-120, § 1), provided that any person who “[c]ommits an act defined as sexual battery under s. 794.011 (l)(h) upon any child under the age of 16 years . . . commits a felony of the second degree.” Florida Statutes § 794.011 (1) (h) states that “ ‘[slexual battery’ means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual battery does not include an act done for a bona fide medical purpose.” Accordingly, the Florida crime is akin to a statutory rape charge.

. The Florida court documents relied upon by the parties do not indicate the age of the child and the child’s age is not shown by any sworn evidence in the record. It is noted, however, that, in a sex offender registration form filled out by petitioner in March 2006, petitioner represented that the victim was a 15-year-old high school classmate.

. There is no dispute that an article 78 proceeding is the appropriate means to obtain judicial review of the Board’s determination (see People v Reitano, 68 AD3d 954 [2009], lv denied 15 NY3d 708 [2010]). It is also noted that the Board has raised no procedural objection to the petition in this case.

. Correction Law § 168-a (2) (d) (ii) is applicable to petitioner’s Florida proceeding, even though petitioner’s nolo contendere plea predated the January 1, 2000 effective date of that section because petitioner was still serving his sexual offender probation on the effective date (see Matter of Smith, 73 AD3d at 184). It is noted that SORA currently also requires registration for out-of-state convictions of offenses containing the same essential elements as New York offenses requiring registration and certain specified federal crimes (Correction Law § 168-a [2] [d] [i], [iii]).

. As stated in People v Daiboch,
“[t]he plea of non vult or nolo contendere is an ancient plea in criminal cases still in use in some of the States but abolished here. It simply means that the defendant will not contend against *1032 the charge but will submit to such punishment as the court inflicts, usually less than would have been imposed after a plea of guilty. The court, however, on such a plea may sentence the prisoner to the same punishment as if convicted after a trial or on a plea of guilty. Aside from the ameliorating effect the plea of non vult has the same consequences in a criminal court as a plea of guilty; at least it is a conviction of the crime to which the plea is taken. In civil cases, however, the plea cannot be used or taken as an admission of the facts alleged in the indictment” (265 NY at 128-129).

. In Matter of Smith, the court noted that a deferred adjudication is generally not considered a conviction under Texas law (Matter of Smith, 73 AD3d at 182 n 4, citing Hurley v State, 130 SW3d 501, 505-506 [Tex Ct App 2004]).

. In light of the Appellate Division, Third Department’s holding in Matter of Smith, which directly addresses a similar adjudication under SORA, this court is not bound by the court’s holding in Matter of Farabell v Town of Macedon (62 AD3d 1246, 1247-1248 [4th Dept 2009]) that a nolo contendere plea with adjudication withheld could not constitute a conviction for purposes of whether a petitioner was qualified to serve as a police officer. In addition, the court in Matter ofFarabell noted that it was “undisputed” that a nolo contendere plea with adjudication withheld did not constitute a conviction. Here, in contrast, petitioner does not dispute that his Florida nolo contendere plea with adjudication withheld required him to register as a sex offender in Florida and Florida case law clearly holds that such a plea constitutes a conviction for purposes of sex offender registration.

. In this regard, assuming, for the sake of argument, that the victim was 15 as alleged by petitioner in his registration form, petitioner would not have been guilty of similar New York felonies involving the absence of consent based on the age of the victim. In this regard, crimes of rape in the third degree (Penal Law § 130.25 [2]) and criminal sexual act in the third degree (Penal Law § 130.40 [2]) apply where the defendant is 21 or more and the victim is less than 17. The crimes of rape in the second degree (Penal Law § 130.30 [1]) and criminal sexual act in the second degree (Penal Law § 130.45 [1]) apply where the defendant is 18 or more and the victim is less than 15. It is also an affirmative defense to Penal Law § 130.30 (1) and § 130.45 (1) that the defendant was less than four years older than the victim. Rape in the first degree (Penal Law § 130.35 [3], [4]) and criminal sexual act in the first degree (Penal Law § 130.50 [3], [4]) apply where the victim is less than 11 years old or where the defendant is 18 or over and the victim is less than 13 years old. Although sexual misconduct (Penal Law § 130.20), a class A misdemeanor, would appear to encompass the same essential elements as former Florida Statutes § 800.04 (3), there would appear to be some question as to whether it could be relied on as an offense requiring registration under SORA since it was not added as a SORA offense until after the Florida court terminated petitioner’s sexual offender probation (see L 2002, ch 11, § 1).

. I note that petitioner has not raised a constitutional objection to the registration requirement under these facts. I also note, however, that SORA’s provisions have already withstood several constitutional challenges (see People v Knox, 12 NY3d 60 [2009], cert denied 558 US —, 130 S Ct 552 [2009] [due process]; People v Szwalla, 61 AD3d 1289 [2009] [ex post facto and double jeopardy]; People v McGarghan, 18 Misc 3d 811 [Sup Ct, NY County 2007], affd 83 AD3d 422 [2011] [equal protection]).

. As noted in footnote 9, petitioner has not raised any constitutional challenges to registration. In addition, New York court holdings that registration does not constitute punishment would appear to preclude any cruel and unusual punishment claim under New York law (see People v Gravino, 14 NY3d 546, 556-558 [2010]; People v Szwalla, 61 AD3d at 1290).

. Even if the absence of such a provision in SORA could be deemed a violation of SORNA, such a violation does not help petitioner, since the only penalty SORNA contains for noncompliance by a state is a reduction in certain funding (42 USC § 16925).