■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK HLATKY, Appellant. [61 NYS3d 395]—

Rose, J. Appeal from an order of the County Court of Sullivan County (LaBuda, J.), entered February 24, 2016, which, among other things, classified defendant as a risk level one sex offender pursuant to the Sex Offender Registration Act.

Defendant was convicted in Washington of rape in the third degree in 2002, served a jail term and was required to register as a sex offender for 10 years.[1] In 2013, defendant was relieved of the obligation to register by a Washington court order, based

---

1. While registered as a sex offender in Washington, defendant moved to Pennsylvania where he was temporarily designated as "tier pending" in 2012 and required, until a tier was designated, to register as a sex offender for

upon the finding that he had been registered as a sex offender in that state for 10 consecutive years without committing any disqualifying offenses. Upon his relocation to New York in 2015, the Board of Examiners of Sex Offenders advised defendant that he was required to register as a sex offender in this state, and the Board completed a risk assessment instrument in accordance with the Sex Offender Registration Act (*see* Correction Law art 6-C [hereinafter SORA]; *People v Liden*, 19 NY3d 271, 275-276 [2012]) that presumptively classified him as a risk level one sex offender. Defendant made a motion to, among other things, be removed from the New York Sex Offender Registry based upon the Washington court order relieving him of the obligation to register in that state, which the People opposed. County Court thereafter adopted the Board's scoring, classified defendant as a risk level one sex offender and rejected his claim, among others, that the Washington court order precluded requiring him to register in New York.

Defendant appeals, arguing only that the Washington court order relieved him of the obligation under SORA to register as a sex offender in New York. We cannot agree. Pursuant to Correction Law § 168-a (2) (d) (i), a person convicted in another state of a sex offense that includes all of the essential elements of a crime in this state must register as a sex offender (*see Matter of North v Board of Examiners of Sex Offenders of State of N.Y.*, 8 NY3d 745, 748-749 [2007]; *Matter of Smith v Devane*, 73 AD3d 179, 181-182 [2010], *lv denied* 15 NY3d 708 [2010]). Defendant did not, and does not now, dispute the Board's assertion that his Washington conviction for rape in the third degree has the same essential elements as rape in the third degree as it exists in New York (*see* Penal Law § 130.25 [3]). Contrary to defendant's claim, the Washington court order did not resolve the issue of his obligation to register under SORA but, rather, merely relieved his obligation to register in Washington under the laws of that state. We have previously recognized that "[w]hether [an offender] is required to register in this state should ultimately be resolved as a matter of New York law, with the aim of giving effect to the Legislature's remedial intent. In so doing, we recognize that enforcement of our SORA provisions is a proper exercise of this state's police powers" (*Matter of Smith v Devane*, 73 AD3d at 183 [citations omitted]; *see People v Arotin*, 19 AD3d 845, 846-847 [2005]).

Defendant argues that requiring him to register in New York when a Washington court order relieved him of the obligation

---

life. No tier level was ultimately designated in Pennsylvania, according to the parties.

to register in that state violates the Full Faith and Credit Clause (*see* US Const, art IV, § 1). However, this clause is designed "to avoid conflicts between [s]tates in adjudicating the *same matters*" (*Matter of Luna v Dobson*, 97 NY2d 178, 182 [2001] [emphasis added]; *accord People v Arotin*, 19 AD3d at 847) and "is not implicated where the issue decided by a court in [another] state is different from the issue being decided by a New York court" (*Matter of Doe v O'Donnell*, 86 AD3d 238, 243 [2011] [internal quotation marks and citation omitted], *lv denied* 17 NY3d 713 [2011]). Here, Washington and New York have each separately adjudicated the risks posed by defendant to their respective citizens, and each state has imposed sex offender registration requirements pursuant to the governing sex offender registration laws in each state and, accordingly, neither state has adjudicated the "same matter" in violation of the Full Faith and Credit Clause (*id.*; *see Matter of Smith v Devane*, 73 AD3d at 183; *People v Arotin*, 19 AD3d at 847).

In *People v Arotin* (19 AD3d at 846), we similarly recognized that full faith and credit principles do not require New York to assign an offender the same risk level as that imposed by the jurisdiction where the conviction occurred, recognizing that "[t]he administrative manner in which a state chooses to exercise the registration requirements for a sex offender who moves into its jurisdiction falls squarely within the power of that state and is not governed by the procedures in effect in the state where the offender previously resided" (*id.*). Defendant's effort to distinguish *Arotin* in that it addressed another state's risk level classification rather than a court order relieving a duty to register is unavailing. To that end, we have specifically underscored that "*Arotin* holds that New York law controls with respect to a sex offender's *registration obligations* within this state, and that the registration obligations, if any, imposed by another state are determined by the law of that state," emphasizing that "*Arotin* does not stand for the proposition that a sex offender's registration requirements can only be regulated by the state in which such offender resides" (*Matter of Doe v O'Donnell*, 86 AD3d at 242 [emphasis added]).[2] Accordingly, we find that the Washington court order did not relieve defendant of the obligation to register under SORA in New York and that, inasmuch as each state is assessing the risks

---

2. Likewise, *Matter of Doe v O'Donnell* (86 AD3d at 242-243) held that full faith and credit principles do not preclude New York from continuing to require a sex offender convicted of an in-state sex crime to register under SORA based upon the offender's move to another state that relieved him of the obligation to register in that state. We recognized that, in that scenario, "neither state has attempted to adjudicate the same matter" (*id.* at 243).

posed to its own citizens and vulnerable populations and applying its own registration laws, the courts are not adjudicating the "same matters" in violation of the Full Faith and Credit Clause (*Matter of Luna v Dobson*, 97 NY2d at 182; *see Matter of Doe v O'Donnell*, 86 AD3d at 242-243; *Matter of Smith v Devane*, 73 AD3d at 183; *People v Arotin*, 19 AD3d at 846-847).

Peters, P.J., Garry, Aarons and Rumsey, JJ., concur. Ordered that the order is affirmed, without costs.