People v Corr (2022 NY Slip Op 04183)

People v Corr

2022 NY Slip Op 04183

Decided on June 29, 2022

Appellate Division, Second Department

Brathwaite Nelson, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.

2019-06690

[*1]People of State of New York, respondent,
v
Matthew Corr, appellant.

APPEAL by the defendant from an order of the Supreme Court (Guy J. Mangano Jr., J.), dated May 29, 2019, and entered in Kings County, which, after a hearing, designated him a level one sex offender pursuant to Correction Law article 6-C.

Patricia Pazner, New York, NY (Priya Raghavan of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Anthea H. Bruffee, and Craig Marinaro of counsel), for respondent.

BRATHWAITE NELSON, J.

OPINION & ORDER
This appeal presents an issue of first impression as to the duration of the registration and verification of a level one sex offender who was convicted of a qualifying sex offense in another jurisdiction, registered as a sex offender in another state, and subsequently established residence in New York. The defendant contends that the 20-year period set forth in Correction Law § 168-h(1) must be diminished by the period of time that he was registered as a sex offender in another state. We disagree and hold that the "initial date of registration" referred to in that statutory provision means the initial date of the offender's registration with the Division of Criminal Justice Services pursuant to New York's Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA).
I. Background
In January 2016, the defendant, then a resident of Massachusetts, was convicted in Rhode Island of possessing videos depicting children engaged in sexually explicit conduct in violation of Rhode Island Gen Laws 1956 § 11-9-1.3. In 2019, the defendant moved to New York, and the Board of Examiners of Sex Offenders (hereinafter the Board) determined that he was required to register in New York pursuant to SORA (see Correction Law § 168-k[2]). At the SORA hearing, the People requested that the defendant be assessed 70 points under the risk assessment instrument and be designated a level one sex offender. The defendant did not contest the risk level designation, but, instead, argued that the date of his registration under SORA should be made nunc pro tunc to January 29, 2016, the date that he first registered in Massachusetts as a sex offender. He asked the Supreme Court to credit his registration and verification requirements with that time. The court rejected his request and designated him a level one sex offender. The defendant appeals, arguing that the court erred in denying his request.
II. Discussion
Correction Law § 168-h(1) provides that the duration of registration and verification for a sex offender with a level one designation "shall be annually for a period of twenty years from the initial date of registration." The defendant contends that "the initial date of registration" means the initial date that the defendant registered as a sex offender for the conviction at issue, in whatever state that may have been. We disagree.
"It is fundamental that a court, in interpreting a statute, should attempt to effectuate the intent of the Legislature" (Patrolmen's Benevolent Assn. of City of N.Y. v City of New York, 41 NY2d 205, 208; see Simmons v Trans Express Inc., 37 NY3d 107, 113; Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583). "As the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof" (Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d at 583; see People v Page, 35 NY3d 199, 206; Colon v Martin, 35 NY3d 75, 78). "[C]ourts should construe unambiguous language to give effect to its plain meaning" (Matter of DaimlerChrysler Corp. v Spitzer, 7 NY3d 653, 660; see Nadkos, Inc. v Preferred Contrs. Ins. Co. Risk Retention Group LLC, 34 NY3d 1, 7). "Further, a statute must be construed as a whole and . . . its various sections must be considered together and with reference to each other" (Matter of Walsh v New York State Comptroller, 34 NY3d 520, 524 [internal quotation marks omitted]; see Colon v Martin, 35 NY3d at 78).
Upon relocating to New York, a sex offender convicted in another jurisdiction of a qualifying offense must notify the Division of Criminal Justice Services (hereinafter the Division) within a specified period of time of his or her residence in New York (see Correction Law § 168-k[1]). The Division then must advise the Board, which is obligated to determine whether the sex offender is required to register in New York under SORA (see id. § 168-k[2]). If the Board determines that the sex offender is required to register, the Division is obligated to "notify the sex offender of his or her duty to register under this article," and the sex offender is obligated to register as a sex offender under SORA (see id.). The procedures and the obligations of a sex offender to register and to verify are set forth in Correction Law § 168-f. Correction Law § 168-h(1) provides that the duration of the registration for either a sex offender who has been designated as a level one risk or who has not yet received a risk level classification, shall be annually for a period of 20 years from the initial date of registration. Contrary to the defendant's contention, a plain reading of the statute, considering its various sections together, demonstrates that the "initial date of registration" refers to the initial date that the defendant registers as a sex offender with the Division pursuant to SORA, in New York. SORA does not mention registration under any other state's laws or agencies. Further, other provisions of the statute refer to the initial registration date, requiring the sex offender to register each anniversary of that date (see id. §§ 168-f[2]; 168-g[2]), which plainly means the date of initial registration in New York.
"Where a statute describes the particular situations in which it is to apply and no qualifying exception is added, 'an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded'" (Matter of Alonzo M. v New York City Dept. of Probation, 72 NY2d 662, 665, quoting Patrolmen's Benevolent Assn. of City of N.Y. v City of New York, 41 NY2d at 208-209 [internal quotation marks omitted]; see Colon v Martin, 35 NY3d at 78). Here, the Legislature addressed a sex offender's relocation to New York from another state in Correction Law § 168-k, and did not provide that the duration of registration in New York was impacted in any way by the defendant's registration in another state. Had the Legislature intended to diminish the registration obligation of such a sex offender, it easily could have so stated (see Matter of Doe v O'Donnell, 86 AD3d 238, 241, lv denied 17 NY3d 713; see generally Matter of Marian T. [Lauren R.], 36 NY3d 44, 51-52). The provision concerning sex offenders whose crimes were committed outside of New York and who establish residence in this state has been amended numerous times, yet the Legislature had not provided that the duration of registration in New York should be pro forma reduced by the amount of time the sex offender was registered in another state pursuant to its laws. The Legislature's failure to provide such qualification compels the conclusion that it intended for a sex offender establishing residence in New York to register for the statutory period of time from the initial date of registration in New York following the Board's determination that the sex offender is required to register with the Division pursuant to SORA (see generally People v Thomas, 33 NY3d 1, 7; Town of Aurora v Village of E. Aurora, 32 NY3d 366, 373; Matter of M.G.M. Insulation, Inc. v Gardner, 20 NY3d 469, 475).
Furthermore, such a reading of the statute is consistent with its remedial purposes. "The stated purpose of New York's Sex Offender Registration Act is predominantly regulatory. The Legislature's goals are[, among other things,] to protect the public from the danger of recidivism posed by sex offenders" (People v Stevens, 91 NY2d 270, 274-275 [citations and internal quotation marks omitted]; see People v Perez, 35 NY3d 85, 87; People v Mingo, 12 NY3d 563, 574). SORA "is a remedial statute intended to prevent future crime; its aim is to protect communities by notifying [*2]them of the presence of individuals who may present a danger and enhancing law enforcement authorities' ability to fight sex crimes" (Matter of North v Board of Examiners of Sex Offenders of State of N.Y., 8 NY3d 745, 752 [internal quotation marks omitted]). New York's registration requirements for a sex offender who moves into its jurisdiction are not governed or impacted by the procedures in effect in the state where the offender previously resided (see People v Arotin, 19 AD3d 845, 846-847). The remedial goals of SORA are advanced when a sex offender relocating to New York is obligated to comply with SORA's registration requirements, including the full duration of the required registration time period.
The defendant's contention that the Supreme Court's denial of his request violated the Full Faith and Credit Clause of the United States Constitution is unpreserved for appellate review (see People v Howard, 27 NY3d 337, 342; People v Harding, 87 AD3d 627, 628), and, in any event, without merit (see People v Hlatky, 153 AD3d 1538, 1540; Matter of Doe v O'Donnell, 86 AD3d at 243; People v McGarghan, 83 AD3d 422, 423).
Accordingly, the Supreme Court properly denied the defendant's request to direct that his registration in New York under SORA commence nunc pro tunc to the first day that he registered in Massachusetts, and the order is affirmed.
DILLON, J.P., DUFFY and CHRISTOPHER, JJ., concur.
ORDERED that the order is affirmed, without costs or disbursements.
ENTER:
Maria T. Fasulo
Clerk of the Court