People v McDonald (2022 NY Slip Op 04652)

People v McDonald

2022 NY Slip Op 04652

Decided on July 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.

2019-06410

[*1]The People of the State of New York, respondent, 
v
Bryan McDonald, appellant. Patricia Pazner, New York, NY (Ava C. Page of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Anthea H. Bruffee of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), dated May 15, 2019, which, after a hearing, designated him a level one sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
On July 14, 2015, the defendant was convicted of violation of privacy in New Castle County, Delaware (see 11 Del Code § 1335[a][6]), a felony for which he was required to register as a sex offender (see id. §§ 1335[c]; 4120[c]; 4121[a][4][a]). On August 20, 2015, the defendant registered as a sex offender in Delaware.
Upon the defendant's relocation to New York, the Board of Examiners of Sex Offenders (hereinafter the Board) determined that he was required to register as a sex offender in New York pursuant to the Sex Offender Registration Act (Correction Law article 6-C; hereinafter SORA) (see Correction Law § 168-k[1], [2]). The Board prepared a risk assessment instrument in which it assessed the defendant 10 points, resulting in a presumptive level one classification.
At the SORA hearing, the defendant did not challenge the Board's assessment of points. Rather, the defendant requested, in effect, that the Supreme Court direct that his registration as a sex offender in New York commence nunc pro tunc to the date he registered as a sex offender in Delaware. The court denied the defendant's request, assessed the defendant 10 points and designated him a level one sex offender.
The defendant's contention that the Supreme Court erred when it denied his request, in effect, that his registration as a sex offender in New York commence nunc pro tunc to the date he registered as a sex offender in Delaware is without merit (see People of State of New York v Corr, _____ AD3d _____, 2022 NY Slip Op 04183 [2d Dept]). The defendant's further contention that the court's denial of his request violated the Equal Protection Clauses of the United States and New York Constitutions is unpreserved for appellate review (see CPL 470.05[2]; People v Ruben, 65 AD3d 1026, 1027) and, in any event, without merit (see People v Hoyos-Sanchez, 147 AD3d 701, 702; People v Hood, 16 AD3d 778, 780).
DILLON, J.P., ROMAN, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court